### THE STATE v. LUTHER C. WHITE.

In the case of Vanhook v. The State, (12 Tex. R. 252,) we held that mere irregularities in the manner of selecting and impanneling the grand jury, not affecting the competency of any of the members, cannot be pleaded in abatement, or be made the ground of a motion to quash the indictment, but can only be taken advantage of by challenge.

Where a plea in abatement to an indictment was sustained, on the ground that the grand jury was not selected from the original panel, twenty-nine of whom answered to their names, but promiscuously from said twenty-nine and others summoned to complete the number of thirty-six, the judgment was reversed, on the ground that the objection could only be taken by challenge.

Appeal from Jasper. Tried below before the Hon. Archibald W. O. Hicks.

Appellee was indicted for playing at cards, &c., and pleaded in abatement of the indictment, that twenty-nine jurors of the original venire appeared, and that the Court instead of having the grand jury drawn out of this number, directed a special venire for a sufficient number more to make up the original thirty-six, and that the grand jury was drawn out of the whole number thus brought in. The indictment was quashed upon this plea, and the State appealed.

*Attorney General*, for appellee. The District Court erred in sustaining the plea in abatement in this case, as it does not question the competency of the grand jury or of any member of it, but only the regularity of the manner in which the body was put together. (12 Tex. R. 252.)

WHEELER, J. In the case of Vanhook v. The State we held that mere irregularities in the manner of selecting and

impanneling the grand jury, not affecting the competency of any of the members, cannot be pleaded in abatement, or made the ground of a motion to quash the indictment, but can only be taken advantage of by challenge. (12 Tex. R. 252, 268.) The matter pleaded in abatement of the present indictment was a mere irregularity in impanneling the grand jury, in no way affecting the qualifications or competency of any of the members of that body ; and on the authority of the case of Vanhook and authorities there cited, there was error in sustaining the plea and quashing the indictment. The judgment must therefore be reversed, and the cause remanded.

Reversed and remanded.