## ALEXANDER MARTIN v. THE STATE.

An indictment, found before the taking effect of the Code of Criminal Procedure, and subject then to the objection, that one of the grand jurors who found it, was not a freeholder, nor a householder in the county, is liable to the same consequences, on plea in abatement, setting forth such cause of invalidity, filed after the going into effect of the Code, as it would have been before; and the court below erred, in holding the plea insufficient.

The provisions of the Code, in derogation of the right of the defendant in an indictment, to question the qualifications of a grand juror on the panel that found the bill, by plea in abatement, at a time subsequent to the organization of the grand jury, was not intended to cut off so valuable a right, by changing the mode of procedure; especially when, by a literal compliance with their requirements, a defendant would be wholly deprived of such right, under either the old or the new law.

To enforce the provisions of the Code of Criminal Procedure, that no such plea to an indictment shall be entertained, (Code Crim. Proc. Art. 401,) but that such objection must be made by challenge to the juror, while the grand jury is being empanneled, (Code Crim. Proc. Art. 401, 364, 369,) so as to deprive the defendant of such objection, by reason of the indictment being found before the Code went into effect, would be to give them a retroactive effect, which is contrary to the spirit of the constitution.

Martin v. The State.

*Quære?* Whether the enforcement of such provisions, operating to defeat this right of the defendant, might not, as to such right, have the effect of an *ex post facto* law, which is prohibited by our constitution?

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

Indictment for an assault, with intent to kill and murder. The facts are stated in the opinion.

*T. M. Harwood,* for appellant, cited Stanley v. The State, 16 Tex. Rep. 557, and cases there cited.

*Attorney-General,* for appellee.

ROBERTS, J. This indictment was presented and filed at the Fall Term, 1856. At the Spring Term, 11th April, 1857, the defendant pleaded, in abatement, that Patrick Henry C. Pearcy, one of the grand jurors who found the bill, was not a freeholder in the State, nor householder in the county, as well as other grounds. The district attorney admitted the facts, "but denied the sufficiency of the plea, under the new Code," and the court sustained the objections to the plea, and held it to be insufficient; to which ruling, the defendant excepted.

The Code provides, " that all proceedings, had after the time "this act takes effect, shall be conducted according to its pro- "visions." It took effect from and after the first day of February, 1857. (See Final Title, p. 187–8.)

It further provides, that no such plea to an indictment shall be entertained, (Art. 401,) but that, such objection must be made by challenge to the juror, while the grand jury is being empanneled. (Art. 401, 364, 369.) This Code provides a new mode of summoning and organizing a grand jury, which did not go into effect until after this indictment was found. At the time the indictment was found, the defendant could not challenge a grand juror for such cause, and his only remedy was, to plead it in abatement, when required to answer the charge, after the indictment was presented. (Stanley v. The State, 16 Tex. Rep. 557.)

The question now presented, is, whether he can be deprived of the right to object, in some available manner, to the legal competency of the grand jurors by whom he has been tried, by this change of the time and manner of asserting it. He filed the plea before pleading not guilty, at the first term of the court after the Code went into operation, and which was as soon as he was permitted, by the previous practice of the courts, to do it.

It can hardly be supposed that the legislature intended to cut off so valuable a right, by changing the mode of procedure. The old law did not permit him to challenge the juror; and before the indictment was found, the new law required him to do so, and did not allow him to plead it in abatement. To enforce the new law, in such case, would give it a retroactive effect, which is contrary to the spirit of the constitution. (Hart. Dig. 52.) Our decisions held, that defendant had the right to plead this, in abatement, when called upon to answer. (Stanley v. The State, 16 Tex. Rep. 557, and cases cited.) The Code, if literally enforced, retroacts on this right, and requires it to have been asserted, if at all, at a time that was passed, when at that time the law did not permit it to be asserted. Even in England, and in our sister States, where there is no express inhibition of retroactive or retrospective laws, the courts will, if possible, construe a law not to have been intended to have such effect, when thereby important rights will be defeated. (Sedg. on Stat. and Const. Law, §§ 190, 689.) It would also, most likely, be held to have the effect, as to this right, of an *ex post facto* law, which is prohibited by our constitution. (Hart. Dig. 52; 1 Kent's Com. 408–9.)

We think the court erred in holding the plea to be insufficient. Judgment reversed and cause remanded.

Reversed and remanded.