## THE STATE v. WILLIAM C. POWELL.

Under the Code of Criminal Procedure, the validity of an indictment is not affected by the want of the signature of the foreman of the grand jury; nor by the fact that the name of the foreman has been signed by another person.

APPEAL from Caldwell. Tried below before the Hon. Alexander W. Terrell.

This was an indictment against William C. Powell, for gaming. The defendant filed a motion to quash the indictment, on the ground, among others, that the signature of William Ellison, the foreman of the grand jury, was not the genuine signature of said Ellison, but was signed by some other person; to which the district attorney filed a general exception. The other facts are stated in the opinion.

*Attorney-General*, for the appellant.

BELL, J.—The appellee was indicted in the District Court for Caldwell county, for permitting certain persons to play at an unlawful game with cards, in his store-house, situated in the town of Lockhart, &c. The indictment was subscribed, "William Ellison, foreman of the grand jury." Amongst other exceptions to the indictment, it was objected, that the name of William Ellison was not signed to the indictment by himself, but was put there by some one else. This objection to the indictment was verified by the affidavit of the appellee, and was treated as a plea in abatement. The question of fact, whether or not

the name of William Ellison, which appeared signed to the indictment, was written by himself, or by some other person, was submitted to a jury, and the jury returned a verdict, that the indictment was not signed by William Ellison, foreman of the grand jury. The district attorney then offered to prove, that the name of William Ellison, which appeared signed to the indictment, was written by a member of the grand jury, at the request of William Ellison, the foreman, and in the presence of all the grand jurors. The judge refused to receive the testimony, and quashed the indictment.

It is true, that Article 395 of the Code of Criminal Procedure, provides that one of the requisites of an indictment shall be, that it be signed officially by the foreman of the grand jury, but in treating of exceptions to the form of an indictment, or information, Article 488 of the same Code, provides that "exceptions to the form of the indictment may be taken, for the following causes only : 1st. That the indictment does not appear to have been presented in the proper court, as required by Articles 395 or 403. 2d. The want of any other requisite of form, prescribed by Articles 395 or 403, except the want of the signature of the foreman of the grand jury." These provisions of the Code seem to be contradictory, inasmuch as Article 395 treats the signature of the foreman of the grand jury as something requisite to the sufficiency of the indictment. But the second subdivision of Article 488, which provides that the want of the signature of the foreman, shall not be good ground of exception to the indictment, being a particular provision upon the point in question, must be held to be controlling. We are therefore of opinion, that the court below erred in dismissing the indictment, because, if the indictment would have been sufficient without the signature of the foreman, it would not be vitiated by the fact, that the name of the foreman had been signed to the indictment by some other person.

This view renders it unnecessary for us to inquire whether or not the court below erred, in refusing to hear the testimony offered by the district attorney, in explanation of the manner in

which the indictment was signed. The judgment of the court below is reversed, and the cause remanded for further proceedings.

Reversed and remanded.