## THE STATE v. WILLIAM ALLEN.

Where an indictment clearly charges the facts of beating and bruising the person injured, they constitute an assault and battery, and the indictment need not state "the intent to injure the person." (Paschal's Dig., Art. 2137, Note 660.)

APPEAL from Van Zandt.    The case was tried before Hon. JOHN J. GOOD, one of the district judges.

The allegations in the indictment are sufficiently set out in the opinion.   A general exception to it was sustained. The State appealed.

*William M. Walton, Attorney General,* for the State, said

the indictment was clearly good upon general demurrer. He cited Paschal's Dig., Arts. 2137, 2138, 2863.

No appearance was entered for the appellee.

DONLEY, J.—It is alleged that the defendant, on the 1st day of May, in the year 1866, with force and arms, in the county of Van Zandt, in the State of Texas, did then and there make an assault in and upon one Wiley White, in the peace of God and said state then and there being, and did then and there beat, wound, bruise, and ill-treat him, the said Wiley White, and other wrongs to him the said Wiley White then and there did, &c. If the facts are true as alleged, the defendant was clearly guilty of an assault and battery.

A party who commits an assault and beats another certainly is guilty of a violation of law. The appellee has not appeared in this court. It has not been suggested in what respect the indictment is insufficient. If the act done is an assault in violation of law, it is not necessary to allege the intent with which the act was done to constitute an offense. The wrongful intent will be inferred from the illegal act which is done. The allegation of an intent is unnecessary to constitute an offense where the act alleged to have been done is in violation of law. The judgment is reversed, and the cause.

REMANDED.