Opinion of the court.

## THE STATE V. JOSE FLORES.

1. An indictment, founded on Article 2055, Paschal's Digest, which charged that the defendant "did wilfully and unlawfully permit a gaming bank, to-wit, a monte bank, to be dealt for the purpose of gaming, in a house under the control of him," was good; and it was error to quash it for insufficiency. (Brosshard v. The State, 25 Supplement Texas Reports, 209, ci.ed by the court.)

2. That the signature of the foreman of the grand jury was not upon the indictment was no sufficient objection to it. The indictment was good without it. (The State v. Powell, 24 Texas, cited by the court.)

APPEAL from the Criminal Court of the city of San Antonio. Tried below before the Hon. V. P. Van Antwerp.

This was one of one hundred and seventy-five criminal causes transferred from the District Court Court of Bexar county to the Criminal Court of San Antonio by Special Orders 213, Headquarters of the Fifth Military District, State of Texas, dated at Austin, September 10, 1869.

The motion to quash set forth various causes, viz.: that the indictment did not allege that the defendant knew the purpose for which the house was to be used; that it did not state to whom the defendant gave permission to exhibit a monte bank; that it was not signed by the foreman of the grand jury; that it did not describe the house, and was too vague and uncertain to enable the defendant to plead any judgment thereon in bar of another prosecution.

The motion being sustained, the State appealed.

*E. B. Turner*, Attorney General, for the State.

No brief for the appellee.

WALKER, J.—This was an indictment for keeping a gaming board. The motion to quash should have been overruled. (See Brosshard v. The State, 25 Sup. Texas Reps., 209.)

The indictment was good without the signature of the foreman of the grand jury, according to The State v. Powell, 24 Texas, 135. The judgment below is reversed and cause remanded.

Reversed and remanded.