## B. P. McFarlin v. The State.

1. INSTRUCTIONS, EVIDENCE.—It is error to instruct the jury that they must convict, if they find facts established which are recited in the charge, when other facts in evidence are not referred to in the instructions, which, if true, would mitigate the offense or excuse the act charged.

2. CHARGE OF COURT.—On the trial of B, charged with an aggravated assault on C, there was evidence that C was attempting to strike B with a stout walking-stick at the time B stabbed him with a pocket-knife : *Held*, that it was error for the court to charge, "If you believe that B stabbed C without C *striking* him with the stick, you will find him guilty of an aggravated assault."

3. DECLARATIONS OF WITNESS, WHEN ADMISSIBLE.—When a witness in his examination in chief testifies that he had no ill-feeling against the accused when he approached him just before the difficulty which occasioned the indictment, it is error to exclude his testimony on cross-examination regarding his declarations made just before the difficulty, showing a different state of feeling.

APPEAL from Ellis. Tried below before the Hon. Hardin Hart.

McElroy, upon whom the assault was charged to have been committed, testified that he went into McFarlin's field when he was at work and asked him for money. McFarlin inquired, "What money?" to which McElroy answered, "The money you owe me for those hogs;" that McFarlin left his reaper, and starting toward witness said, "Go slow, go slow—you always insult me when you name that hog question;" that witness retreated with a walking-stick in his hand, the accused following with an open pocket-knife. It seems from this witness's testimony that he encountered an ant bed in his retreat, and their attacks from below so excited the sympathies of his first pursuer that he suspended his demonstrations until McElroy could rid himself of his new assailants. After this they "talked the matter over," and "made friends." A few minutes after this, upon defendant's hogs entering the field, some conversation ensued, when, according to McElroy's statement,

defendant, without provocation, stabbed him with the small blade of a knife. E. McFarlin, a son of defendant, testified that McElroy had a stout stick drawn upon defendant within striking distance at the time and before the knife was used.

No instructions were given on the law of self-defense. Exceptions were taken by the defendant's counsel to the action of the court, in sustaining objections to questions tending to show a hostile state of feeling on the morning of the difficulty and on the day before on the part of McElroy toward the accused.

*Amzi Bradshaw,* for appellant.

*George Clark, Attorney General,* for the State, cited Lander *v.* The State, 12 Tex., 471–487; Johnson *v.* The State, 27 Tex., 767; Dawson *v.* The State, 33 Tex., 505; 3 Tex., 597; 31 Tex., 496; Bishop's Crim. Law, vol. 1, 2d ed., § 1067.

GOULD, ASSOCIATE JUSTICE.—The appellant was indicted for an aggravated assault and battery on one McElroy, and, on the testimony of the latter, was convicted. The evidence showed that the accused inflicted a serious wound on McElroy, by striking him with the small blade of his knife; but the testimony of McElroy and of the sons of defendant was in conflict, as to whether he was not himself attempting to strike the accused with a good-sized walking-stick at the time the knife was used. In this state of the evidence, the court instructed the jury, amongst other things, as follows:

"If you believe that defendant stabbed McElroy without McElroy striking him with the stick, you will find him guilty of an aggravated assault." As there was no evidence whatever that McElroy actually struck defendant, this charge left the jury no alternative but to convict. The bill of exceptions and assignment of errors are sufficient to present this part of the charge for revision.

As the case will be remanded for this error in the charge, it is deemed necessary to notice but one of the various rulings of the court in excluding testimony, also assigned as error.   The prosecutor, McElroy, had testified that he went into defendant's field, where defendant was at work, and where the difficulty occurred, with no expectation of a difficulty, and no ill-feeling towards him.   On cross-examination, defendant's counsel proposed to ask him "If, on the morning of and before the difficulty, he did not say, in the presence of his family, that he was going to see McElroy, and if he did not get back by 11 o'clock, they might know he had blood;" which question was excluded by the court.   We think the question was proper.   It was competent to show, if such were the fact, that the witness had made statements inconsistent with his evidence on the trial; and, in view of the conflict of testimony, it was important to defendant to make such proof, if he could.   It was also proper to ask the witness himself in regard to such statements, to give him opportunity to admit and explain them.   (1 Greenl., § 462, and note.)

The objection to the indictment, that it does not allege the assault and battery to have been made with intent to injure, is not well taken.   (State v. Allen, 30 Tex., 59.)

The judgment is reversed, and the cause remanded.

REVERSED AND REMANDED.