### THE STATE v. JAMES CORBIT.

INFORMATION may be presented in the District Court during vacation; and it is not a valid objection to an information, otherwise regular, that it was not presented to the court while in session.

APPEAL from Wood. Tried below before the Hon. Z. Norton.

*George W. Smith,* for the State.

MOORE, ASSOCIATE JUSTICE.—An information is a written statement filed and presented on behalf of the State by the District Attorney accusing the defendant of an offense which is by law subject to be prosecuted in that way. (Code Criminal Procedure, art. 402.) And all misdemeanors may be presented by either information or indictment. (Code Criminal Procedure, art. 391.) It is not questioned that the offense charged in the information belongs to the class which may be prosecuted by information; but it is insisted that the information was properly quashed, because the affidavit upon which it was made and the information were both made and filed with the clerk in vacation and not in open court. If we admit that an information cannot be presented within the meaning of the code unless the court is in session, still it would be much too technical an application of the rule to say it should be quashed, if otherwise sufficient, merely because it had been filed with the clerk previous to the meeting of the court. It surely should be treated as presented when brought to the attention of the court, if then recognized by the District Attorney as an information on which he desired to prosecute the defendant for the offense therein charged against him. If any action had been taken upon the supposition of its previous presentation, this might be set aside and held for naught; but the fact that a capias may have issued upon it, and other steps taken in prosecu-

tion of the offense charged, is no reason why the information should be quashed, unless the affidavit must also be made during the session of the court. Such a supposition, however, is warranted neither by the letter nor spirit of the code. The inference to be drawn from it is plainly to the contrary.

As no objection was made to the action taken upon the information during vacation, but the information itself was quashed because it was not presented in open court, what we have said might suffice to dispose of the case. In view, however, of its importance, we deem it proper to give the question presented in defendant's motion a more direct consideration.

The primary pleading in criminal actions on the part of the State is the indictment or information. (Code Criminal Procedure, art. 481.) Those on the part of the defendant are classified, and the causes or grounds embraced in each of these classes are specifically enumerated and set forth in the succeeding articles. The only grounds of objection indicated in any of these articles which seems to give the slightest apparent support to the proposition that the information must be filed during the session of the court, is that in which it is said an information may be excepted to for form, if it does not appear to have been presented in the proper court, as required by art. 403 of the same code. (Code Criminal Procedure, art. 488.) The article to which reference is here made says an information is sufficient if it has the eight requisites therein enumerated. The second of these requisites is that it shall appear to have been presented in a court having jurisdiction of the offense set forth. This evidently has reference to the jurisdiction of the court to hear and determine as to the offense presented by the information, and not the time at which the District Attorney may commence or institute a prosecution of the offense by information. If, then, the defendant can object to the information

because it was not filed during the session of the court, he must find his right to do so outside of the articles of the court, indicating the grounds of defense which he may present by way of motion to set aside the information, special plea why he should not be tried upon it, or exception to it for matter of form or substance. Is there anything to be found elsewhere in the code from which we are to infer that the information may be quashed upon any other ground? If so, it is incumbent upon the defendant to point it out. This he has not done. Nor can it be insisted that it is anywhere so declared in the code in plain and unmistakable terms. If the objection to the information was well taken, it must be in the absence of any specific indication of it in the code, on the ground that from the very nature of the thing, and as a necessary legal requisite which must be implied, a prosecution by information can only be commenced by a presentation of the information during a session of the court having jurisdiction of the offense therein charged. But as it is not requisite to obtain leave of the court to authorize the information, and as no duty with reference to it is devolved upon the court until after it has been presented, and even then an order of the court is not required for the issuance of a capias, (Code Criminal Procedure, art. 422,) it seems difficult to conceive how it can be said that it can only be presented during the session of the court.

A presentation by indictment must be made during the session of the court, since there can be no grand jury at any other time. Yet the code provides that the fact of its presentment in open court by the grand jury shall be entered upon the minutes of the court. The absence of any similar provision in reference to informations seems strongly persuasive, if not conclusive, that it was not intended or supposed that they would in all instances be filed during the session of the court. The leading object in view, no doubt, in allowing prosecutions for misde-

meanors by information, was to effect the more certain and efficient administration of the law, by the more speedy trials which can be had in this way than when the prosecution is commenced by an indictment. No such advantage, however, could result from this mode of proceeding, if the objection made to the information in this case is valid.

The judgment is reversed and the cause remanded.