## C. Chambers v. The State.

1. Aggravated assault. On trial for, when failure to charge law of simple assault no error. A party charged with committing an aggravated assault by striking with a pistol, alleged in the indictment to have been a deadly weapon, cannot complain that the law of simple assault was not given in charge to the jury, when the evidence showed that the pistol, even as used, was a deadly weapon.

Appeal from Liberty. Tried below before the Hon. H. C. Pedigo.

*Geo. Clark, Attorney-General,* cited Vaughan *v.* The State, 21 Texas, 752; Johnson *v.* The State, 26 Texas, 117.

Reeves, J. The indictment charges an aggravated assault and battery by striking, beating, and wounding Ezekiel G. Thompson with a pistol, stated in the indictment to be a deadly weapon. He was found guilty by the jury, and fined one hundred and fifty dollars.

The defendant objected to the general charge of the court as being calculated to mislead the jury, and which, as stated in his motion for a new trial, did so mislead them.

The court instructed the jury that if the defendant struck and wounded Thompson with a pistol, the same being a deadly weapon, to find him guilty, and assess the punishment for an aggravated assault and battery.

It is not shown that the jury were misled by the charge, or that it was calculated to have that effect. If the evidence supported the allegations of the indictment charging an aggravated assault and battery, there was no room to question or doubt the grade of the offense. The evidence, we believe, was sufficient for that purpose. It was proved that the parties quarreled, and that the defendant struck Thompson with his hand. Thompson had a knife in his hand at the time the defendant approached him, but it does not appear that he attempted to use it in the

fight.  Defendant had a knife and also a pistol.  After several blows were struck, the knives of both parties were put up at the instance of the bystanders, when the fight was renewed.  Soon after, it was discovered that the defendant was striking Thompson over the head with his pistol, being a pocket "Derringer," or police pistol, weighing, perhaps, two pounds.  When the fight was over, the head of Thompson showed three gashes, as stated by the witnesses, and which were proved to be serious wounds.

In view of the evidence, there was no error in refusing to charge the law of simple assault and battery, because, as stated by the judge in refusing the instruction, it was not applicable to the case.

It was further objected that, under the instruction of the court, the jury could not consider the pistol, and the use made of it, in any other sense than as a deadly weapon.  The indictment charges that the pistol was a deadly weapon, and states how it was used; that is, that the defendant struck and beat Thompson with the pistol, and not that he attempted to shoot him.

The evidence fully sustains the charge, and it is not perceived how it could have been regarded by the court and jury in any other aspect than an aggravated assault and battery under the statute and former adjudications upon it.  The possession of the pistol and the use made of it were unlawful acts, and not necessary for self-defense.  The defendant was the aggressor, and brought on the difficulty by the attack, and struck the first blow under circumstances not authorized by law.  As charged by the court, no words spoken, however insulting, could justify an assault, or be considered by the jury for any other purpose than as mitigating the punishment. Under a full and fair charge of the law the jury returned a verdict against the defendant, and no such case being presented as calls for the interposition of this court to set aside their finding, the judgment is affirmed.

Affirmed.