## D. G. Bronson *v.* The State.

1. Aggravated Assault—Indictment.—It is not necessary that an indictment for aggravated assault should allege an intent to injure.
2. Charge of the Court.—It is necessary to give such instructions only as are applicable to every deduction which the jury might legitimately draw from the facts.
3. Newly-discovered Evidence. — If there be a doubt upon the point of diligence, or as to the character or materiality of newly-discovered evidence relied on for a new trial, the action of the court below becomes a matter for its discretion, and will not be revised on appeal.

Appeal from the District Court of Bexar. Tried below before the Hon. George H. Noonan.

The trial was had at the March term, 1875, and the appellant was found guilty by the jury, who assessed his fine at $150.

*Wælder & Upson*, for the appellant.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

White, J. It is not necessary in an indictment for an aggravated assault and battery to allege an " intent to injure." *The State* v. *Allen*, 30 Texas, 59 ; *The State* v. *Lutterloh*, 22 Texas, 214 ; *The State* v. *Hays*, 41 Texas, 526 ; *The State* v. *Hartman*, 41 Texas, 562.

It is assigned as error that the court did not charge the

law of simple assault and of self-defense. The rule is that it is only necessary to give such instructions as are applicable to every legitimate deduction which the jury may draw from the facts. *Bishop* v. *The State*, 43 Texas, 390 ; *Chambers* v. *The State*, 42 Texas, 254 ; *Jackson* v. *The State*, 25 Texas (Supp.), 229.

There was no evidence adduced requiring the court to charge upon any offense other than an aggravated assault, nor were there any facts adduced in the evidence tending to show that the offense was committed in self-defense.

Nor was it error for the court to refuse to grant a new trial upon the proposed newly-discovered evidence. The correct doctrine is laid down by the court in the case of *Shaw* v. *The State*. In that case it is said, "where there is doubt upon the point of negligence, or as to the character of the evidence, or as to its materiality, it becomes a matter of discretion, and the court will not—perhaps I ought to say cannot, rightfully—interfere." 1 Gra. & Wat. on New Tr. 489 ; 27 Texas, 752 ; *Brown* v. *The State*, 16 Texas, 127 ; *Goins* v. *The State*, 41 Texas, 334 ; *Koontz* v. *The State*, 41 Texas, 572.

We perceive no error in the judgment, and it is, therefore, affirmed.

*Affirmed.*