## W. THOMASON v. THE STATE.

1. GRAND JURY—CHALLENGES.—The Code of Criminal Procedure requires all criminal proceedings to be conducted in accordance with its provisions; and under them it seems that objections to the grand jury are available only by challenge when it is organized, or by motion to set aside the indictment for causes specified by the Code itself.

2. SAME.—To an indictment for murder the accused filed a special plea, alleging that at the time of the organization of the grand jury who indicted him he was confined in jail and not allowed to be present in court, and was thus prevented from challenging the array, or any member of the grand jury; but the plea failed to allege against the array, or any member of the grand jury, the existence of any of the causes of challenge specified in the Code. *Held*, that the plea was insufficient.

3. OATH TO GRAND JURORS.—The recital in an indictment that the grand jury was "duly elected, tried, impaneled, sworn," etc., warrants this court to presume that the oath taken by them was the oath prescribed by the Code.

4. NEWLY-DISCOVERED EVIDENCE.—Want of diligence in the discovery of evidence is not excused by confinement in jail, when it is not further shown that the accused was without friends or counsel capable of rendering him the necessary assistance.

APPEAL from the District Court of Johnson.    Tried below before the Hon. D. M. PRENDERGAST.

The appellant and Walter Howeth, the deceased, together with two brothers named Davis, all young men, had been drinking in the town of Alvarado on the evening of the killing, and left town early in the night and. in company. About a mile from the town Howeth was shot through the. head and killed.

According to the testimony of the two brothers Davis,. one of them and the deceased were riding together,. and the other and the appellant were riding immediately in the rear.    Appellant had been shooting off his pistol several times, and shortly before the killing said he had one load left; was snapping his pistol in the direction of Howeth, when he was told by his companion to put up his pistol

before he hurt somebody, but paid no attention to the advice, and immediately fired again, striking the deceased in the temple.

There was no evidence of ill-will between the appellant and the deceased, and no motive shown.

The matters involved in the rulings of this court are disclosed in the opinion.

*Poindexter & Bradshaw*, and *Watts, Lanham & Roach*, for the appellant: At the time the grand jury found the bill of indictment, and for some weeks previous thereto, the appellant was in jail, in the custody of the law, for the offense with which he is charged. He could of himself only act or be acted upon as the law might direct or, through its officers, allow. Being in confinement, he had no power of locomotion—the walls of his cell were the limit to his movements, unless by permission of his custodian. He was not brought into court; nor was any opportunity soever given him to exercise his right of challenge to the array, or to any individual member or members of the grand jury. This question was and is fully presented by the sworn plea of appellant; this plea was overruled by the court, *ex mero motu;* this ruling was duly excepted to at the time, and is also presented in the assignment. Article 2830, Paschal's Digest, is as follows: "Any person, before the grand jury have been impaneled, may challenge the array of jurors, or any person presented as a grand juror." Articles 2831 and 2832 define the causes for challenge. Article 2837 provides when these challenges shall be made. That the legislature has given to every person charged with the commission of an offense, or who may anticipate an indictment, this right of challenge, whether it be valuable or unimportant not being material to consider, no one conversant with, or who will take the trouble to examine, our Code of Criminal Procedure can deny. This right must be exercised at a

particular time.   Here is a defendant in prison, accused of murder; the grand jury are being organized to investigate his very case, in connection with others; the law absolutely, and in the plainest of language, secures to him the right of challenge; he is assuredly interested in the formation of this inquest; he has the right to confront the array and make his objections—the legality of which may be determined by the court—to the entire body, or individual members thereof. The care and caution of the court to select only " good and lawful men " cannot dispense with his personal, legal, privilege.   Courts nor justice cannot say this is an immaterial privilege, the deprivation of which did not operate prejudicially to the defendant.   The legislature does not stop to define the value or importance of any right, or the extent of the injury consequent upon its infringement; sufficient for that power is it to " command what is right, to prohibit what is wrong."   The question is, Does the law give him this right, and has he enjoyed the same?   In his condition he is the subject of superior orders; he issues from and re-enters his prison at the will and pleasure of the court and the officers of the law.   But the law will not allow his incarceration to excuse the violation of his legitimate rights.

The defendant should have been brought into court and allowed the opportunity for the assertion of his rights.   This was not done, and his plea to this effect was crushed by the court.   It will not do to say " that the petit jury found him guilty, and therefore the exercise of the right would have availed him nothing."   If the court can dispense with the enforcement and observance of one right, it can with equal propriety, and at its discretion, abrogate others; if the court can deprive the defendant of this right granted by the law, why not refuse him the right to appear by counsel or in person on the trial?

*DeBerry & Smith*, for the State.

Winkler, J.   The appellant was indicted in the district court of Johnson county for the murder of one Walter Howeth, alleged to have been committed on November 25, A. D. 1876.   The indictment, agreeably to the transcript, was returned into the court and filed December 20, 1876.

On July 4, 1877, the accused filed in the district court a special plea, in which he alleges, on oath, that on December 21, A. D. 1876, the same being the day on which the indictment in this cause was presented and filed against him in this court, and for several days previous thereto, and also at and for several days previous to the impaneling and organization of the grand jury at the December term, 1876, of this court, he was constantly, closely, and continuously confined in the jail of Johnson county, Texas, upon commitment for the same offense in this indictment.   That being so charged, confined, and in custody, he had no opportunity of knowing, nor was he allowed to be present, when the said grand jury, with E. B. Ray, foreman, was organized.   That he did not have any opportunity of seeing said grand jury or confronting them, or passing upon or challenging the same, or any member thereof. That said grand jury found said indictment against him without this defendant having been brought from jail and being allowed his legal right or opportunity to challenge either at the organization of said grand jury, or at any time thereafter.   He further swears that there is no entry or record on the minutes of this court which shows that this defendant was brought into court at said December term, 1876, and allowed the right or opportunity of challenging or passing upon said grand jury   Wherefore he says that he has been deprived of the legal right above set forth, and that said indictment ought to be held for naught, and that the state cannot rightfully try him on said indictment.   He therefore prays that the said indictment be quashed and held

for naught, and that he go hence without day, and for all such relief as he may be entitled to," etc.

The accused also filed, simultaneously with his special plea above set out, a motion to quash the indictment on the following grounds :

" 1st. Because said indictment charges no offense against this defendant known to the laws of this state.

" 2d. Because the oath administered to the grand jury, as set forth in said indictment, is not the oath required by the statute of this state in such case."

The case coming on for trial on July 7, 1877, the defendant's special plea and motion to quash were disposed of as follows : " Whereupon came on to be heard the special plea and exceptions of defendant, and also the motion of defendant to quash the indictment in this cause ; and the court, after being sufficiently advised, consider the law against said special plea and exceptions, as also said motion to quash. said indictment.   It is therefore considered by the court that said special plea and exceptions, and motion to quash, be, and the same are hereby, overruled ; to which rulings of the court the defendant, by his attorneys, excepts."

Whereupon the record recites, " the defendant was arraigned, and in answer to the indictment herein pleads not guilty ;" and the trial proceeded, which resulted in a verdict, the jury finding the defendant guilty of murder in the second degree, his punishment being fixed by the jury at confinement in the penitentiary for five years, and judgment in accordance with the verdict.

A motion for a new trial was made on behalf of the accused. Among the grounds set out for the motion are alleged errors in the court overruling the defendant's special plea, and in overruling the defendant's motion to quash the indictment, and following with various other grounds involving the correctness of the rulings of the court in admitting and exclud-

ing evidence on the trial, and of the charge of the court to the jury, pointing out several paragraphs of the charge as erroneous, and in qualifying a charge asked by the defendant; also, as to the sufficiency of the evidence, and in refusing to charge on manslaughter, reasonable doubt, and negligent homicide.   And a supplemental motion for a new trial was filed, based upon newly-discovered evidence, supported by affidavits.   The motion and supplemental motion were by the court overruled, and the defendant excepted and gave notice of appeal.

Of the errors assigned the first two relate to the rulings of the court on the special plea of the defendant, and the motion to quash the indictment.   The next two relate to rulings of the court in admitting evidence, and in excluding evidence.   Those from the 5th to the 13th, both inclusive, call in question the correctness of certain portions of the charge of the court, and the effect of the charge as a whole; and the 14th complains of error in overruling the motion and supplemental motion of the defendant for a new trial.

To undertake an elaborate discussion of all the various subjects raised in the assignment of errors would be, not only a tedious, but an unprofitable consumption of time; but, having patiently considered the case as presented by the record, and in the light of the thorough and exhaustive written and oral arguments both on behalf of the prosecution and of the appellant, we will notice such matters as seem to demand attention in order to determine the merits of this appeal, and as to which we will not be able to do much more than state conclusions, rather than anything like extended discussion of the several subjects presented by the record and in argument.

We fail to discover any error in the rulings of the court below on the special plea of the defendant, for the reason that, whilst the plea states that the defendant was confined

in jail at the time the grand jury was impaneled, and that he was thereby prevented from presenting objections either to the array, or to any individual member of the panel, the plea fails to show the existence of any cause of challenge either to the array, or any member of that body, as these causes are set out in the several Articles of the Code of Criminal Procedure. Arts. 363, 364 (Pasc. Dig., Arts. 2831, 2832).

Before the adoption of the Code, objection could be taken to the competency of individual members of the grand jury by plea in abatement. *Van Hook* v. *The State*, 12 Texas, 253; *The State* v. *White*, 17 Texas, 242; *Martin* v. *The State*, 22 Texas, 214. Since the adoption of the Code of Criminal Procedure, however, all criminal proceedings are required to be conducted agreeably to its provisions. Code Cr. Proc., Art. 980 (Pasc. Dig., Art. 3414); *Martin* v. *The State*, 22 Texas, 214.

In *Newman* v. *The State*, 43 Texas 529, the present chief justice of the supreme court, in delivering the opinion of the court, said : " It seems to be the design of our Code to cut off all objections to the organization of a grand jury unless they are made in the challenges allowed at the time of its organization, or come strictly under the motion to set aside an indictment. after it is found. by the grand jury." For the grounds on which a motion to set aside an indictment, see Pasc. Dig., Art. 2950 ; also, *Reed* v. *The State*, 1 Texas Ct. of App. 1, and cases there cited.

Nor was there any error in overruling the motion to quash the indictment, for the reason that the record fails to sustain the motion on either of the grounds set out. The indictment is sufficient to charge the crime of murder, which it will not be contended is not an offense against the laws of this state. As to the ground that the oath set out in the indictment is not the oath prescribed by the statute, it is sufficient to say that, from the indictment as set out in

the transcript, it does not attempt or pretend to set out the oath administered to the grand jury, but simply recites the fact that they were "duly elected, tried, impaneled, sworn, and charged." In swearing petit juries it has been held that it is sufficient for the record to show that the jury was duly sworn, or sworn according to law, which is sufficient to authorize the presumption that the proper oath was administered, unless the record attempts to set out the oath taken, and we think is sufficient as to grand juries as well.

As to the alleged errors in the ruling of the court as to the evidence, judging of the matter presented in the light of the evidence in the case as set out in the statement of facts, we fail to discover any such error committed as could have had any material bearing on the verdict of the jury.

With reference to the several alleged errors complained of in the charge of the court, we are constrained to say that the record does not sustain the exceptions taken, nor all the criticisms of counsel in their zealous presentation of the cause of the appellant. The main charge given to the jury evinces great care and particularity, as well as accuracy, in defining the crime of murder of the first and murder of the second degree, with the rules by which they were to be guided in determining — if in their mind the evidence satisfied them that the defendant was guilty of either — whether the offense was the one or the other. These charges, too, appear to have been prepared with special reference to the evidence as shown by the statement of facts, and keeping in view the main duty to be performed by the jury, to wit, to determine from the evidence whether the accused was guilty or not guilty.

The jury were instructed that they were the exclusive judges of the facts in the case, of the weight of the evidence, and of the credit to be given to the statements of the witnesses who had testified before them. They were

also charged that the defendant is presumed to be innocent until his guilt is satisfactorily established, and that, to convict of either murder in the first degree or of murder in the second degree, the evidence should satisfy them beyond a reasonable doubt of his guilt as to the crime of which they might find him guilty, and if they had a reasonable doubt from the evidence, as to his being guilty of murder in either degree, they should give him the benefit of the doubt and acquit him.

The charge, taken altogether, was the law of the case as made by the evidence, which satisfies the demand of the law on the subject

It is claimed, however, that the court erred in not instructing the jury as to manslaughter. In this we find no error. There is nothing in the evidence to warrant an instruction as to manslaughter. Instructions were asked by the defendant's counsel on the subject of negligent homicide, which were given to the jury as asked. No exception was taken to the charge of the court. No charge asked was refused by the court.

But it is insisted that the court erred in qualifying the instructions given at the instance of the defendant. The following was appended to the instructions on the subject of negligent homicide, to wit:

" These charges are given with the following addition and qualification: The killing would not be reduced to the grade of negligent homicide unless it is made to appear from the evidence that there was no intention or purpose to kill or inflict serious bodily harm, endangering life, upon the deceased or any one else; nor would the crime be reduced to this grade if the danger is apparent, and the killing is the result of a reckless disregard of human life."

The qualification was proper, as it tended to connect the charges given at the instance of the defendant with those

already given by the court, and to show that the two were to be taken and considered by the jury as a whole, in applying the law to the facts.

It is not deemed necessary to do more with reference to the motion for new trial than to notice briefly the grounds set out in the supplemental motion as supported by the affidavit of the defendant, and that of two compurgators set out in the transcript as newly-discovered testimony.

It is not perceived that the alleged newly-discovered testimony is of such materiality as would be likely to change the result on another trial, nor does it sufficiently appear that the proposed new evidence could not have been sooner discovered by the use of proper diligence; and on either ground the showing was insufficient. For the rules of law regulating the granting of new trials on the ground of newly-discovered evidence, see *Hauck* v. *The State*, 1 Texas Ct. of App. 357; *Henderson* v. *The State*, 1 Texas Ct. of App. 432; *West* v. *The State*, ante, p. 460; *Harmon* v. *The State*, not yet reported. The court did not err in overruling the defendant's motion for a new trial.

It is not a sufficient excuse for failing to exercise diligence in discovering evidence, or otherwise preparing for trial, for one under indictment to say that he has been confined in jail simply; he should negative the idea that he had friends or counsel out of jail who could have rendered him the necessary assistance.

After a careful and patient examination of this case, as presented by the record and in the briefs and oral argument of counsel, we fail to discover any error which would warrant a reversal of the judgment, and therefore the judgment of the district court of Johnson county rendered herein is affirmed.

*Affirmed.*