## Carr Forrest *v.* The State.

1. Aggravated Assault. — An indictment for aggravated assault with a deadly weapon, to wit, a gun, need not aver an intent to injure, nor an attempt to commit a battery, nor an intent coupled with an ability to commit a battery, nor that the gun was loaded.
2. Same. — Pointing a gun at a person within range is an assault, unless it appear that the gun was unloaded; and the burden of proving that it was unloaded is on the accused.
3. Practice in Misdemeanors. — It is now well settled that, in misdemeanors, exceptions to the charge of the court are futile, unless substitute instructions are requested.

Appeal from the County Court of Ellis. Tried below before the Hon. J. D. Templeton.

No brief for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

White, J.    Appellant was found guilty of an aggravated assault, and fined $100.    Three grounds are set forth in the motion in arrest of judgment, all going to the sufficiency of the indictment.    They are as follows, viz.:

" 1. It is not averred in the indictment that the assault was made with the intent to injure.

" 2. Because it is not averred in the indictment that the defendant attempted to commit a battery, or that he had any immediate intention to commit a battery, coupled with an ability.

" 3. It is not averred that the gun was loaded."

The substance of the charge in the indictment was that the assault was made " with a certain double-barrel shotgun, the same being then and there a deadly weapon," and that defendant presented the gun in " a hostile and threatening manner at, to, and towards the body of the said J. B.

Williams, he, the said Carr Forrest, being then and there in gunshot range of the said J. B. Williams," etc.

The objection to the indictment that it does not allege the assault to have been made with intent to injure is not well taken. *The State* v. *Allen*, 30 Texas, 59; *McFarlin* v. *The State*, 41 Texas, 23; *The State* v. *Lutterloh*, 22 Texas, 214; *The State* v. *Hays*, 41 Texas, 526.

With regard to the second and third grounds of the motion in arrest as above set out, we believe neither to be well taken when subjected to the tests of the authorities. An assault *or* battery becomes aggravated "when committed with deadly weapons, under circumstances not amounting to an intent to murder or maim." Pasc. Dig., art. 2150, subdiv. 8. Pointing a gun at a person is an assault, unless it appear that the gun is unloaded; *and the burden of proving that it is unloaded is on the defendant.* *Crow* v. *The State*, 41 Texas, 468; *Caldwell* v. *The State*, 5 Texas, 20; Whart. Cr. Law, sec. 1244.

We see no error in the charge of the court. In misdemeanors the rule is now well settled that it is not sufficient simply to except to the charge given by the court; but such additional instructions should be asked as the party desires. *Mooring* v. *The State*, 42 Texas, 86; *Porter* v. *The State*, 1 Texas Ct. App. 479; *Foster* v. *The State*, 1 Texas Ct. App. 363; *Goode* v. *The State*, 2 Texas Ct. App. 520; *Campbell* v. *The State*, *ante*, p. 33.

There being no error, the judgment is affirmed.

*Affirmed.*