## James H. Selvidge et al. v. The State.

The 662d article of the Code of Criminal Procedure (as amended) prescribes when the confessions of the accused may be used against him; and a charge that if, in the confessions of the appellants, facts and circumstances were disclosed which were found to be true by other testimony, which conduced to establish the guilt of the accused, then such facts and circumstances were to be considered by the jury in determining the guilt or innocence of the defendants, is in accordance with the statute. (Paschal's Dig., 2d ed., Art. 3127.)

It is a rule of the common law, that when declarations have been made under such circumstances as to allow the declaration to be given in evidence, it is competent to show that stolen property had been traced by means of such confession.    (1 Greenl. on Ev., § 231.)

Where it did not appear that the accused actually removed the horses from the lot of the owner, but the evidence showed them to be within such distance as to keep watch, and that they were acting with those who went for and took possession of the horses, they are principals within the meaning of article 215 of the Penal Code.    (Paschal's Dig., Art. 1810.)

APPEAL from Red River.    The case was tried before Hon. B. W. GRAY, one of the district judges.

The appellants, James H. Selvidge and Mumford Harmon, were indicted for horse stealing.    The material points in the case arose upon the confessions of the prisoners.    The bill of exceptions stated that "the witnesses, with several other armed men, arrested the defendants, and accused them of horse stealing; the defendants denied, and the witness stated to defendants that they did steal certain horses now mentioned in the indictment, and that it would be better for them to tell all about it; the defendants then went on and stated when and where the horses were taken, gave a description of them, and where and with whom they could be found; that said witness went on to state that he found the horses where defendants stated they would be found."

The evidence was admitted, and it is stated as strongly for the prisoners as the record warrants in the brief of their counsel, to which reference is made.

The exception was to the admission of this evidence. In relation to the confession, the court charged in the language of the statute.    The evidence as to the confession was, that the defendants found the horses about as the prisoners had described, though there was other evidence of the stealing—the tracking and the finding of the horses.

The prisoners did not actually take the horses from the lot of the owner, but they were near, aiding and counte-

nancing the theft, and departed with the men who had the stolen property.

The jury found the defendants guilty, and sentenčed them to seven years' imprisonment, from which they appealed.

*Robertson & Herndon,* for appellants.—On the trial, the state offered to prove the confessions of the prisoners, made while under arrest and surrounded with armed men, and the hope held out to them that it would be better for them to confess, &c., to which their counsel objected. The court overruled the exception, and the same was assigned for error.

Almost the entire evidence adduced by the state was confined to the confessions of the accused; therefore it will be necessary to look merely to this. The law on confessions (O. & W., C. C. P., Art. 662) was: "The confession shall not be used, if at the time it was made the defendant was in jail, or other place of confinement, or while he is in custody of an officer, unless such confession be made in the voluntary statement of the accused, taken before an examining court, in accordance with law, or be made voluntarily, after having been first cautioned that it may be used against him," until the 11th February, 1860, when the following addition was made, to wit: "or unless, in connection with such confession, he make statement of facts or of circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or instruments with which he states the offense was committed." (Laws of 1860,) [Paschal's Dig., 2d ed., Art. 3127.] Now, it is obvious that, to convict the prisoners under this law, two things must appear: First, (the prisoners being under arrest,) they must confess that they stole the property; and, second, to corroborate the confession so made, they must state facts or circumstances that are found to be true, conducing to establish their guilt.

(O. & W., C. C. P., 664.) It is true they stated where the stolen property could be found, but at the same time say who took it, and which way it went; and all this is found 'to be true, and establishes the fact that they did not take the property, nor hold the possession of it. It should be remembered that this was a verbal confession, made while under arrest, sometime before the trial, and related by witnesses by no means partial to prisoners; and the well-established rule is, that the "evidence of verbal confessions of the accused is to be received with great caution." (18 Tex., 387.)

[The argument concluded with an able review of the facts.]

*Wm. M. Walton, Attorney General*, for the State.—The only question in the case springs from objections taken to the evidence, in the shape of confessions made by appellants, and detailed to the jury by the witness, Lenox.

It will be observed that the confessions led to the discovery, and recovery of the stolen property, and thus proved themselves to be true in fact. In this view, they were properly and legally admitted in evidence for the consideration of the jury. [Paschal's Dig., 2d ed., Art. 3127.]

This statute fully meets and answers the question raised.

Before, at the time, and subsequent to the stealing of the horses, the appellants were with the operating thieves. The whole "yamping" undertaking seems, from evidence, to have been a common design, in which all were interested. (Paschal's Dig., Arts. 1809–1813.)

It is but reasonable to conclude, as the jury evidently did, that the appellants stood watch while the others did the stealing. They certainly departed with the thieves, and knew well what were the movements of the gang.

DONLEY, J.—The confessions of the appellants offered in

evidence were objected to on the trial of the cause. The ground of objection is not stated. It is said that the objection should have been sustained, because at the time the confessions were made the appellants were in custody, and were not voluntary. The circumstances under which the confessions were made were such as to render them inadmissible as evidence, unless the confessions are confirmed by finding facts and circumstances stated by the appellants to be true. On this point the jury were correctly charged, that if, in the confessions of the appellants, facts and circumstances were disclosed which were found to be true by other testimony, which conduced to establish the guilt of the accused, then such facts and circumstances were to be considered by the jury in determining the guilt or innocence of the defendants. The evidence authorized the verdict. It was shown by the testimony of other witnesses that horses had stood, as described in the confessions, near the lot from which they were taken, and from this point the party, including the defendants, were traced to Phillips', and to the point where the defendants were arrested. The horses were secured and brought back in consequence of information derived from the appellants. The facts ascertained by witnesses so corroborated the confessions of the appellants, as to leave no reasonable doubt as to the truth of the confessions.

It is believed that it has long been the well-settled law, that when declarations were not made under such circumstances as to allow the declarations to be given in evidence, it was, however, competent to show that property which had been stolen had been traced by means of information given by the accused. (Greenl. on Ev., § 231.)

Article 662, Code of Criminal Procedure, act of February 11, 1860, provides, that "The confession shall not be used, if at the time it was made the defendant was in jail or other place of confinement, nor while he is in custody of an officer, unless such confession be made in the volun-

tary statement of the accused, taken before an examining court in accordance with law, or be made voluntarily, after having been first cautioned that it may be used against him, or unless, in connection with such confession, he make statement of facts or of circumstances, that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or instruments with which he states the offense was committed." (Paschal's Dig., 2d ed., Art. 3127.] The facts in evidence in this case bring it within the words of the statute. Among the statements found to be true was finding the property which had been stolen in the possession, as stated, of defendants. The admissions were properly received in evidence, and upon them the jury were well warranted in finding the appellants guilty.

It does not appear that the appellants actually removed the horses from the lot of the owners, but the evidence shows them to have been within such distance as to constitute them principals in that transaction. If they did not aid in removing the horses from the lot of the owner, they were near enough to keep watch, and were actually acting with those who went for and took possession of the horses. (Criminal Code, Art. 215,) [Paschal's Dig., Art. 1810.]

There is no error in the judgment, and it is

AFFIRMED.