THE STATE v. J. A. HARTMAN.

INDICTMENT—ASSAULT AND BATTERY.—In an indictment for assault and battery, it is not necessary to allege that the offense was *unlaw-ful*, or that it was committed *with intent to injure.*

APPEAL from Rockwall. Tried below before the Hon. M. H. Bonner.

The indictment charged "that J. A. Hartman * * * did make an assault and battery in and upon the person of William Brockway, and did then and there strike, beat, bruise, and wound him, the said William Brockway, with a certain piece of plank, giving to the said William Brockway then and thereby serious bodily injury."

The indictment was quashed, and the District Attorney appealed.

*George Clark, Attorney General,* for the State.

DEVINE, ASSOCIATE JUSTICE.—The indictment in this case was held defective, on motion to quash, because the indictment failed to charge that the assault and battery was unlawful, and because the indictment did not charge

that the offense was committed with intent to injure the party upon whom the assault and battery is alleged to have been made.

The indictment was not defective. (See The State *v.* Allen, 30 Tex., 60; The State *v.* Lutterloh, 22 Tex., 214, and State *v.* Hays, decided during this term.)

The court erred in sustaining defendant's motion.

The judgment is reversed and the cause is remanded.

REVERSED AND REMANDED.