WM. STRAIT V. THE STATE.

1. CONFESSIONS UNDER DURESS.—When a confession is made under duress under such circumstances as to render it inadmissible, yet if in the confession facts are revealed by means of which stolen property is traced, such facts may be considered in evidence by the jury, and also the confession itself; but no conviction can be had on such confession, except when shown by other testimony to be true.
2. Selvidge *v.* The State, 30 Tex., 60, and Warren *v.* The State, 29 Tex., 369, discussed.

APPEAL from Grayson. Tried below before the Hon. S. Hare.

*J. D. Woods* and *J. R. Cowles*, for appellant.

*George Clark, Attorney General*, for the State.

It is admitted that, as a general rule of law, confessions cannot be admitted unless "voluntarily made," and this is a rule as well of the common law as prescribed by the statute. But we submit that there is an exception to or qualification of this general rule prescribed under the statute, (*vide* last part of art. 3127, Paschal's Dig.,) as well as by the common law, and, as it seems to us, this qualification of the statute makes confessions, whether voluntary or not, whether under duress and threats or not, equally admissible with confessions under the general rule when "voluntarily given." In fact the rule prescribed by the statute is but a reiteration of the rule under similar circumstances at common law, where every possible safe-

guard consistent with the peace and protection of society is thrown around the accused. (2 Russ. on Crimes, 861, 862; 1 Sneed, Tenn., 75; 32 Miss., 382; 9 Pick., Mass., 496; 1 Leach's Cr. Cas., 263, 386; 9 Yerg., 408.)

It is said, in Greenleaf on Evidence, § 232: "If the prisoner himself produce the goods stolen, and deliver them up to the prosecutor, notwithstanding it may appear that this was done upon inducements to confess held out by the latter, there seems to be no reason to *reject the declarations of the prisoner with the act of delivery* and explanatory of its character and design, though they may amount to a confession of guilt. But whatever may be said at the time, not qualifying or explaining the act of delivery, is to be rejected. And if, in consequence of the confession of the prisoner thus improperly induced, and of the information by him given, the search for the property or person in question proves wholly ineffectual, no proof of either will be received."

The construction, too, of the statute in question has been construed by this court. (Elizabeth *v.* State, 27 Tex., 331; Warren *v.* State, 29 Tex., 370.)

It is to be remarked, however, that in the first case above cited (27 Tex., 331) the appellant was a slave, and the confessions of such were excluded under all circumstances by statute. (Code Crim. Procedure, art. 663.)

This statute now has become obsolete. (Paschal's Dig., art. 5382.)

In this case, too, there was no confession of guilt, but simply that she (the appellant) knew where the child was, and went and found it in a hole of water. But this case was decided under the above statute absolutely prohibiting confessions of slaves in evidence under any circumstances, and hence the language of the court on evidence of this character was made with reference to this particular statute.

We submit, therefore, that the admission in evidence of

the statement of the defendant, so far as the same led to the recovery of the stolen property and connected the accused with the offense charged, was proper and legal under the statute and the judicial interpretation of the statute by this court.

ROBERTS, CHIEF JUSTICE.—Selridge *v.* The State, 30 Tex., 59, was a case quite similar to the one now before us, and is referred to as having decided the main question now presented. When confessions are made under such circumstances as to render them inadmissible, if in the confession "facts and circumstances are disclosed which are proved to be true by other testimony and which conduce to establish the guilt of the accused, then such facts and circumstances are to be considered by the jury." (Id., and Warren *v.* State, 29 Tex., 370.)

We understand these cases merely as holding that it is admissible to show not only the fact that the stolen property had been traced by means of information received from the prisoner, but also the information or disclosure itself. (See also 1 Phillips on Ev., 554, and notes.)

Whether this ruling is founded on the statute which in terms applies only where the party was in "jail," or "other place of confinement," or "in custody of an officer," (Paschal's Dig., art. 3127,) or is but the application of the rules of the common law to a case not provided for by the code, it is not material to inquire.

In this case it appeared that the confessions, being made under duress, were not voluntary, and the court excluded them, except so far as they furnished information by which the property was recovered. It further appeared that, by means of statements made as to what disposition had been made and agreed to be made of the horses, they were tracked and ultimately recovered.

Whilst the court admitted so much of the statements as was thus shown to be true, the jury were cautioned to con-

sider them only in so far as proved by other testimony to be true. The whole question as to what was proved was thus properly referred to the jury.

It appears by bill of exceptions that the district attorney sought to introduce the entire confessions. They were, however, excluded, and as the defendant was nevertheless convicted and the judgment of this court will affirm that conviction, it does not become necessary to notice any question intended to be presented by this bill of exceptions.

There is also a bill of exceptions to the action of the court in refusing to compel the witness Veach to answer questions as to threats and violence offered to Rogers in presence of defendant, and before he or defendant made any confession.

The witness had stated that he did not decline to answer because he was afraid of implicating himself. If the confessions as such, without qualification and limitation, had been allowed to go to the jury, circumstances affecting their credibility would have been material and admissible in proof. But in this case the confessions as such were excluded, except as before stated. The fact that they were not voluntary was acted on by the court as explained to the jury. The statements, by means of which the horses were recovered, were admitted; but the jury were instructed that they were to be considered only in so far as proved by other testimony to be true. The answers could only have more fully developed what was already conceded: the inadmissibility of the confessions, except as sustained by other proof.

We cannot see that the refusal of the court to compel the witness to answer was the denial to defendant of any legal right whereby he could have been injuriously affected in the trial.

Judgment affirmed.

AFFIRMED.