## BOB IRVIN *v.* THE STATE.

1. EVIDENCE—ACCOMPLICE.—Appellant being on trial for the theft of corn, the principal witness for the state testified that he was present with the accused when the latter took the corn, and that he (the witness) took the corn off and sold it. *Held*, that this connection of the witness with the transaction subjected his testimony to the statutory provision that a conviction cannot be had upon the uncorroborated testimony of an accomplice.

2. SAME.—Article 653 of the Code of Criminal Procedure (Pasc. Dig., Art.

3118) applies, not only to accomplices in a technical sense, but to all witnesses who were *participes criminis*, whether as principals or accessories. In this article the term "accomplice" is not used in a restricted or technical sense.

APPEAL from the District Court of Morris. Tried below before the Hon. JAMES H. ROGERS.

The opinion states the material facts.

*Turner & Turner*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. The judgment below must be reversed on account of the failure of the court to charge the law applicable to the case.

According to the evidence of the principal witness for the state, he was present, saw the defendant go under the crib and take the corn from a hole cut in the bottom, knew that the corn was the property of Dr. Bradfield, and he (the witness) carried it off to Dangerfield and sold it. This connection on his part with the transaction would render the witness' testimony subject to the same rules which govern in cases of evidence by accomplices, viz. : that "a conviction cannot be had upon the testimony of an accomplice unless corroborated by other testimony tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Pasc. Dig., Art. 3118.

"The taking and carrying away the property stolen is, in the meaning of the law, as much the act of all the parties who are present, knowing the unlawful intent and aiding and assisting therein, as his whose hand alone may have removed it." *Cruit* v. *The State*, 41 Texas, 478; *Selvidge* v. *The State*, 30 Texas, 60.

The Article (3118) above quoted was intended to apply to all the cases of *participes criminis,* principal and joint offenders, and accessories, alike with accomplices. The word "accomplices" is not used in its technical sense.

Our supreme court say : " Surely no such technical interpretation can be given to the Code as to hold, because it is only an accomplice—a participant in the offense in a more remote degree—whose testimony must be corroborated to warrant a conviction, that it is unnecessary to corroborate the testimony of an accessory or principal offender, who seeks to escape the penalty of the offense by becoming a witness for the state against his confederates.   The word accomplice was evidently used in Article 653 (Pasc. Dig., Art. 3118) of the Code of Criminal Procedure in a different sense, and should receive a much broader interpretation than as defined in Article 219 (Pasc. Dig., Art. 1814) of the Criminal Code." *Williams & Smith* v. *The State,* 42 Texas, 392 ; *Berrera* v. *The State,* 42 Texas, 263.

Considering, then, the state's witness in this case as an accomplice, a conviction could not be had upon his testimony unless it was corroborated by other evidence tending in some material matter to connect the defendant directly with the transaction.   *Wright* v. *The State,* 43 Texas, 170.

Such being the law, under the facts as developed on the trial below, the court should have given the instruction asked by defendant on this point, or some instruction, in his general charge, presenting this matter as one necessary to be determined by the jury in their findings.

The judgment is reversed and cause remanded.

*Reversed and remanded.*