No. 6339.

THE STATE OF LOUISIANA VS. JOHN GARVEY AND CHARLES EARLE.

It is an elementary principle of law that the accused is entitled to the benefit of all reasonable doubts, and before any confession can be received in evidence in a criminal case it must be shown that it is voluntary. This was not proved in the case at bar. Therefore the judge *a quo* erred in overruling the objection to the admission of the confession.

It is competent to inquire whether the prisoner stated that certain things would be found by searching a particular place, and to prove that they were accordingly so found; but it would not be competent to inquire whether he *confessed* that he had concealed them there.

In the present case it was the confession itself which was objected to, and it should have been rejected. Whether the objects found and other facts corroborated the alleged confession or not, is immaterial in considering the admissibility of the confession. These facts might have been proved, and even that they were discovered in consequence of the information received from the accused, without making a confession unduly obtained admissible.

APPEAL from the Superior Criminal Court, parish of Orleans. *Steele,* J. Criminal case. *John McPhelin,* District Attorney, for plaintiff and appellee. *J. J. Finney* and *J. H. Hagins,* for defendants and appellants.

LUDELING, C. J. The defendants, charged with murder, were convicted of manslaughter, and they were sentenced to the Penitentiary for twenty years.

There are two bills of exception in the record. The first is as follows:

"Be it remembered that on the twenty-sixth day of February, 1876, on the trial of the above-entitled case, one William Carlton, a witness for the State, then being on the witness-stand, who, after testifying that he was a sergeant in the Metropolitan Police force, and at the time the

offense charged against the accused is alleged to have been committed, was acting as such police sergeant, under Captain Edgeworth, at the police station in which the accused were confined at the time of their arrest, the said witness was proceeding to state a conversation alleged to have been held between the prisoner, Charles Earle, and one Corbett, also a member of the Metropolitan Police force, and subject to the orders of said Edgeworth, which conversation was overheard by the said witness, Carlton, and in which the said Earle admitted the connection of himself and John Garvey with the crime with which they were charged; to which statement counsel for the accused objected, on the ground that A. S. Badger, superintendent of the Metropolitan Police, and Edgeworth, captain of the Metropolitan Police, both acting as such respectively, at the time the said offense is said to have been committed, had previously testified that, after the arrest of the accused, they and each of them had used every means in their power by way of promises and threats made to the prisoners to induce them to make the confession; and that they and each of them had instructed their subordinates to leave nothing undone to obtain some admission of their guilt from the prisoners; the testimony of the witness, Carlton, as to the conversation alleged to have taken place between the prisoner, Earle, and the said Corbett, and overheard by the witness, was inadmissible, as tending to establish a confession made under undue influence; but the court overruled the objection, and allowed the witness to proceed. Whereupon counsel for the accused took this bill of exception," etc.

The judge *a quo* before signing the bill of exceptions made the following addition to the statement of facts:

" The testimony of Police Sergeant Carlton, which is referred to as a confession and objected to by defendants, was admitted by the court for the following reasons: First—That it was not shown affirmatively that any improper influence had been used by either Chief Badger or Police Captain Edgeworth before the time of the conversation referred to, but, on the contrary, it was shown that the promises made by Badger were after and not before this conversation. Second—The entire truth of the statement was fully established by the finding of the brickbat, stavepile, and other facts, beyond the control of the accused, in the condition as minutely described in the statement.

" (Signed) HIRAM R. STEELE, Judge."

It thus appears that the accused objected to the reception in evidence of the alleged conversation, in which Earle *admitted the connection of himself and of Garvey with the crime,* on the ground that the admission had been made under undue influence, and that the judge *a quo* overruled the objection, because he held that the *onus* was on the accused to

State vs. Garvey and Earle.

prove that the admission had been procured by undue influences, and because the brickbat, stave-pile, and other extraneous facts were found as detailed in the alleged conversation.

We can not agree with the learned judge in either proposition. It is an elementary principle of law that the accused is entitled to the benefit of all reasonable doubts, and, Mr. Greenleaf says, " *before any confession can be received in evidence in a criminal case it must be shown that it* WAS VOLUNTARY." Section 219. This was not proved in the case at bar. The judge says that it was proved that the alleged conversation was made *before Chief of Police Badger* had made the promises. That may be true, but it does not appear the admission was made *before Edgeworth* or some one else had made promises or threats. The statement of facts in the bill does not satisfy us that the confession was voluntarily made, and therefore it should have been rejected. See 25 An. 191.

On the question *suggested* by the second reason of the judge *a quo* for admitting the confession, the law seems to be well settled. " Where, *in consequence of the information obtained from the prisoner*, the property stolen, or the instrument of the crime, or the bloody clothes of the person murdered, or *any other material fact is discovered*, it is competent to show that such discovery was made conformably to the information given by the prisoner."

" The statement as to his knowledge of the place where the property or other evidence was to be found being thus confirmed by the fact is proved to be true, and not to have been fabricated in consequence of any inducement. It is competent therefore to inquire whether the prisoner stated that the thing would be found by searching a particular place and to prove that it was accordingly so found, but it would not be competent to inquire whether *he confessed* that he had concealed it there." 1 Phil. Evid. 411; Greenl. section 231. "This limitation of the rule," says Mr. Greenleaf, "was distinctly laid down by Lord Eldon, who said that where the knowledge of any fact was obtained from a prisoner, under such a promise as excluded the confession itself from being given in evidence, he would direct an acquittal, unless the fact itself proved would have been sufficient to warrant a conviction without any confession leading to it." Section 231. In the present case it was the confession itself which was objected to, and it should have been rejected. Whether the finding of the brickbat, stave-pile, and " *other facts* " corroborated the alleged confession or not, is immaterial in considering the admissibility of the confession. These facts might have been proved, and even that they were discovered in consequence of information received from the accused, without making a confession unduly obtained admissible.

This view of the case renders it unnecessary to examine the other bill of exception.

It is therefore ordered that the verdict of the jury in this case be set aside, the judgment of the court be annulled, and that this case be remanded to be tried according to law.