## Josh Speights *v.* The State.

1. EVIDENCE.—If the accused elicits testimony adverse to himself, he must take the consequences; and he is not entitled to have it withdrawn from the jury because part of the same proof, when offered by the prosecution, had previously, on his objection, been excluded by the court.

2. SAME—CONFESSIONS.—After the arrest of accused for the theft of a horse he was asked by the officer where the saddle was with which the horse had been ridden, to which he replied that it was in the grass, behind the horse, where, upon search, the officer then found it secreted. *Held,* that this, together with other statements of the accused, made after his arrest and found to be true, conduced to establish his guilt, and was competent evidence for the state, notwithstanding the accused was not on trial for the theft of the saddle. Pasc. Dig., Art. 3127.

3. See the opinion in this case with reference to the competency of proof of other offenses than that on trial, as part of the *res gestæ* of the latter, or as evidence of the intent of the accused.

APPEAL from the Criminal District Court of Galveston. Tried below before the Hon. GUSTAVE COOK.

The opinion of the court states the case.

*W. B. Denson*, for the appellant.

*F. M. Spencer*, for the State.

WHITE, J.   The appellant in this case was indicted, tried, and convicted for the theft of a gelding.

The two principal errors assigned and relied upon for a reversal of the judgment are:

1st. That the court erred in permitting confessions, made by defendant while under arrest, to be considered by the jury as evidence; and,

2d. That the court erred in refusing to give in charge to the jury the special instruction asked by the defendant.

The statement of facts discloses that no objection was interposed or urged until after a portion of the declarations and confessions of the accused had been testified to by the witness Griscom.   The recital in the record is that the witness mentioned testified: "I asked him where the saddle was that the horse had been ridden with, and he said it was in the grass, back of the horse.   The saddle was found where he directed us it would be found."   (Here the state offered to prove the confessions of the defendant, but the court excluded them.)   The witness Johnson also says: "I did not see the saddle when at the horse, and asked the defendant what he had done with it, and he replied that it was behind a tuft of grass, near the horse.   We went back and found the saddle where he said it was."

As stated above, these portions of the declarations or confessions of defendant were not objected to, but, when the state proposed to make further proof of confessions, the defendant did object, and the objection was promptly sustained by the court, and the evidence excluded.   Subsequently, however, defendant's counsel, on cross-examination of the witness Johnson, asked the following questions, and

·elicited the following answers, to wit : " Question by ·defendant's counsel—Was there not another horse taken that night? Answer—I believe so ; the light-house keep-er's. Question by defendant's counsel—Why did you not look for the man who took that horse? Answer—Because Josh Speights told me that he had ridden the horse to Crenshaw's and turned him loose, and taken Crenshaw's horse ; that is why he (witness) looked no further."

It is now insisted that the court should have withdrawn ·all these declarations and confessions of the accused from ·the jury, because, it is contended, they were inadmissible .as evidence, though it nowhere appears that the court was asked by defendant on the trial to withdraw the evidence. The positions taken are that all the confession, so far as it related to the saddle, was inadmissible, because defendant was not indicted for theft of the saddle ; and that, in so far .as it concerned the horse of the light-house· keeper and the facts connected therewith, it should have been withdrawn, because the court had already previously excluded that tes-timony when sought to be proved by the state. As to this last ground of objection, we conceive the defendant cannot ·be heard to complain, because this testimony, as we have ·seen, was drawn out at his own instance, on cross-examination of the witness, and in response to his own questions. The testimony, if illegal at all, was his own testimony, and we opine he ought to be held to take the consequences, and ·could not exclude it simply because it was found to be unfavorable to his case.

The general provision of our laws in regard to the use of the confession of a defendant is thus laid down in Article .3127 of Paschal's Digest : " The confession shall not be used if, at the time it was made, the defendant was in jail ·or other place of confinement, nor while he is in custody of .an officer, unless such confession be made in the voluntary

statement of the accused, taken before an examining court. in accordance with law, or be made voluntarily, after having been first cautioned that it may be used against him ; or unless, in connection with such confession, he make statement of facts or of circumstances that are found to be true which conduce to establish his guilt—such as the finding of secreted or stolen property, or instrument with which he states the offense was committed.''

Applying this provision of the law to the confessions of the defendant, as above stated, and we do not think the court would have erred in refusing to withdraw them from the consideration of the jury, because, in connection with his confession, the finding of the saddle with which the stolen gelding had been ridden, secreted where the defendant said it was to be found, and the further fact and circumstance, also proved to be true, that the horse of the light-house keeper was ridden to Crenshaw's and left there, and Crenshaw's gelding taken, clearly conduce to establish the guilt of the defendant. It must be apparent, also, that such a state of circumstances, afterwards ascertained to be facts, could not have been known by defendant unless they were true, while his knowledge of them cannot be reconciled with any other reasonable hypothesis than that of his guilt. *Strait* v. *The State*, 43 Texas, 486.

Nor is the question affected by the fact that the defendant was not being tried on an indictment for theft of the saddle and the horse belonging to the light-house keeper. These two offenses were directly connected with the offense for which he was indicted — were parts of the *res gestæ*, and links in a chain of circumstances proving appellant's guilt of the theft of which he was charged. Independently of any confessions on the part of the accused, these facts might, we think, have been proved as any other facts and circumstances in the case ; and if they could so be proved

as part of the *res gestœ*, we see no good reason why they could not be taken advantage of equally as well under the law applicable to confessions.

Justice Moore lays down the correct rule in the case of *Gilbraith* v. *The State.* He says: " There are, unquestionably, cases in which it is admissible, in support of the charge against the defendant, to adduce evidence which may refer to, and be more directly connected with, other offenses than the one for which he is on trial, or even to go directly into and show other criminal transactions of a similar character. Such evidence, however, is admitted mainly when it is necessary to establish identity in developing the *res gestœ*, or in making out the guilt of the defendant by a chain of circumstances connected with the crime for which he is on trial. *Mason* v. *The State*, 42 Ala. 532. But much the larger class of cases where proof of another crime is admissible as direct evidence against the accused is where the intent with which the particular act is done may be the gist of the offense. 1 Bishop on Cr. Pro., sec. 1067, note 4." 41 Texas, 569.

Upon the other error complained of, we think the evidence clearly pointed to defendant, and to no one else, as the guilty party. It cannot, therefore, properly or with accuracy be called circumstantial; and when the confessions of the accused were, as we have seen, properly admitted as testimony by the court, the evidence became most direct and positive, and therefore the instruction, as asked by the defendant to be given in charge to the jury, was not applicable under the facts of the case.

We find no error in the proceedings had on the trial in the lower court, and the judgment is, therefore, affirmed.

*Affirmed.*