J. AND C. BROWNING v. THE STATE.

AGGRAVATED ASSAULT—INDICTMENT.—It is not sufficient to charge, as in the present case, that the accused did "unlawfully and willfully make an aggravated assault and battery upon the person of one A. T., with intent to injure said A. T., contrary," etc. The indictment should allege some of the particular acts or circumstances which are necessary, under the Penal Code, to constitute the offense. This rule, however, is not applicable to indictments for simple assaults and batteries, or to assaults with intent to murder.

Appeal from the County Court of Ellis. Tried below before the Hon. J. D. Templeton, County Judge.

The opinion sets out so much of the indictment as involves. the question decided.

A. A. *Kemble*, for the appellant. The general rule is. that an indictment must always charge sufficient to advise the defendant of the nature of the accusation. But here we have a charge of aggravated assault, and, when we look to the Penal Code, we find nine widely different sets of cir-- cumstances, or modes, or means of committing the assault or battery, any one of which would raise an assault from the degree of a simple to that of an aggravated assault. Which one of these were the defendants called upon to meet? Could they tell by the face of the indictment? Certainly,. if the indictment was all, the defendants might as readily and as justly prepare to meet a charge of an assault upon a minister in his pulpit as upon a judge in open court.

A good indictment for assault with intent to murder will sustain a conviction for an aggravated assault. But this is because the indictment does charge *well* the offense attempted to be charged—that is, an intent and attempt to commit another offense. But in the case at bar there is no charge of an attempt, or of an assault with intent to commit a. higher offense. The charge is of an act consummated, and, therefore, the same circumstantial accuracy is required as in charging any other crime.

In *Pinson* v. *The State*, 23 Texas, 519, the circumstances. constituting the aggravation were alleged in the indictment,. and there was a failure of proof of the particular circum-- stances charged. The court say, " *if* it was necessary to allege the circumstances of aggravation," etc., and refuse to permit proof of different circumstances than those alleged. This case is alluded to here because it was relied on below

by counsel and by the court to sustain the indictment. It is submitted that the doubt seemingly expressed in a case where the point did not arise at all should not be made a precedent to overturn the general rule.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J.   In this case Clayton, James, and Smither Browning were jointly indicted for an aggravated assault and battery upon Andrew Thompson.   There was a severance; Smither Browning was tried, convicted, and did not appeal.   Afterwards the other two, James and Clayton Browning, were tried and convicted of an aggravated assault, were fined $250 each, and they have appealed to this court.

The only question in this case is as to whether the indictment is sufficient to charge an aggravated assault.   The charging part of the indictment is as follows :   " That one Clayton Browning, and one Smither Browning, and one James Browning did, in the county of Ellis, and state of Texas, on the sixteenth day of November, in the year of our Lord one thousand eight hundred and seventy-five, then and there unlawfully and willfully make an aggravated assault and battery upon the person of one Andrew Thompson, with the intent then and there to injure said Andrew Thompson, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Texas," and signed, " T. B. Griffin, foreman of the grand jury."

The appellants in the lower court excepted to the indictment, and moved the court to quash the same, so far as the same purports or attempts to charge an aggravated assault, " because there is not, in said indictment, charged any act done, nor place, nor other charge which would raise the

assault from the degree of a simple assault to that of an aggravated assault," etc. ; which exceptions were overruled by the court, and to which ruling the appellant excepted, and the overruling of these exceptions is assigned as error.

It will be seen that the indictment does not charge any one of the nine circumstances laid down in the Criminal Code, under which an assault or battery becomes aggravated. Pasc. Dig., Art. 2150.

The precise question here raised has never, so far as we have been able to ascertain, been decided by our supreme court. In the case of *The State* v. *James Hays* the defendant excepted to the indictment because it failed to charge the assault as being unlawfully made, and because it did not charge that the assault was made with the intent to injure the person upon whom it was committed. Those exceptions were sustained by the district court, and the state appealed. The supreme court reversed the case and say, in delivering the opinion of the court, that " every assault charged in an indictment is an unlawful assault, and the intent to injure will be inferred from the illegal act charged. The act imports illegality on its face ; and, if there were circumstances that would show it to be lawful, it rests on the defendant to show them." 41 Texas, 526.

In the case of *The State* v. *Hartman* the supreme court decided that, in an indictment for an assault and battery, it is not necessary to allege that the offense was unlawful, or that it was committed with intent to injure. 41 Texas, 562. Again, in the case of *Samuel Bittick* et al. v. *The State*, it was decided that an indictment for an assault with intent to murder is not defective for failing to allege the instrument or means used, or the circumstances or the particular place whereat the assault was made. 40 Texas, 117.

In the case of *Croft* v. *The State* it was said : " In an indictment for an assault with intent to commit an offense, the same particularity is not required as in an indictment

for the commission of the offense. Thus, in an indictment with intent to murder, it is not necessary to state the instruments or means made use of by the assailant to effectuate the murderous intent. The means of effecting the criminal intent, or the circumstances evincive of the design with which the act was done, are considered to be matters of evidence to the jury, to demonstrate the intent, and not necessary to be incorporated in the indictment." 15 Texas, 576, citing Whart. Cr. Law, 2d ed. 467.

In the case of *Martin* v. *The State*, 40 Texas, 19, the court held that an indictment charging that A B " did commit an assault with intent to murder " is sufficient, and that the omission of the word " aforethought " in an indictment for assault with intent to murder is not fatal ; that the intent is sufficiently charged by the use of the words " with intent to murder ;" that in such indictments it is not necessary to state the instrument or means used.

Gray, J., in delivering this able opinion, says : " We think that the indictment was sufficient, though it contains much that was unnecessary to be stated as to the means and instrument used. This is not necessary in such a case—if, indeed, it be required in any—where the instrument or means used are not elements of the offense, or affect the degree of criminality or extent of punishment."

Mr. Bishop, in his work on Criminal Procedure, 2d edition, volume 1, section 82, in discussing this question, uses the following language : " In Assault. Let us, then, open almost at random any book on the criminal law which happens to be at hand. Here, for example, is Russell on Crimes ; and we turn to one of the earliest titles found in the index—namely, Assault. The author of the book, having stated the law of common assaults, the punishment whereof is fine, imprisonment, etc., proceeds to the consideration of aggravated assaults. Under this head he mentions various statutes whereby, when the assault is committed with a particular intent, or with a particular weapon, or the like, it is sub-

jected to a particular corresponding punishment, heavier than that for common assault, or differing from it, as pointed out by our statute. And the reader will notice that, in all cases where the peculiar or aggravated punishment is to be inflicted, the peculiar or aggravated matter is required to be set out in the indictment.''

Mr. Bishop says that in all cases, without an exception, the common law requires each and every individual thing which a statute has made an element in the wrong upon which the punishment is based to be alleged in the indictment. Bishop's Cr. Proc., 2d ed., vol. 1, sec. 84.

'' If the offense existed at the common law, yet a statute prescribes a particular punishment to be inflicted on those who commit it under special circumstances which it mentions, or with particular aggravation, then, in matter of principle, when the aggravated offense thus created out of the old one is made the subject of an indictment, the indictment should be drawn on the statute, setting out the offense as at common law, and adding the aggravations, with the conclusions against the statute,'' etc. Bishop's Cr. Proc., 2d ed., vol. 1, sec. 598.

After a careful examination, we believe it is sufficiently specific, in defining the offense, to charge in an indictment that the defendant committed an assault, or an assault and battery, or that he committed an assault with intent to murder, without a more specific description of the offense, or the intent with which it was committed; but that, in prosecutions for an aggravated assault, or an aggravated assault and battery, the particular act or circumstance must be set out in the indictment upon which the state relies to raise the offense to the grade of an aggravated assault. The indictment in this case is a good one for a simple assault.

The judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*