## ADDIE FERGUSON v. THE STATE.

1. AGGRAVATED ASSAULT — INFORMATION. — It is a fatal defect in an information for an aggravated assault with a deadly weapon that it describes a different weapon than that described in the affidavit on which it is based.

2. SAME. — Intent to injure need not be alleged in an information for aggravated assault.

3. SAME — CHARGE OF THE COURT. — When an information charges one species of aggravated assault, it is error to instruct the jury to convict if they find the accused guilty of a different species.

APPEAL from the County Court of Llano.   Tried below before the Hon. C. W. NELSON, County Judge.

The opinion states the case.   The parties to the fracas were women.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

ECTOR, P. J.   The information in this case charges the defendant with making an aggravated assault upon M. S. Smith with a certain deadly weapon, to wit, *a shovel*.   The affidavit upon which the information is based charges the defendant with committing an assault upon Mrs. M. S. Smith with a certain deadly weapon, to wit, *an ax*.

The defendant moved to quash the information for the following reasons, to wit: "first, because the information is not in accord with the affidavit filed in this cause ; second, it does not allege that the assault was made with intent to injure."

The court should have sustained the motion to quash the information on the first ground set out in the motion.   The information is based on the affidavit, and the information should describe the instrument or weapon with which the assault is made substantially as it is done in the affidavit.

It is not necessary in an indictment for an aggravated assault to allege an intent to injure. *The State* v. *Hartman,* 41 Texas, 562 ; *Bronson* v. *The State,* 2 Texas Ct. App. 46.

The court charged the jury on circumstances of aggravation not contained in the information. The information in this case was drawn under subdivision 8 of article 488 of our Criminal Code, which says that an assault or battery becomes aggravated " when committed with deadly weapons, under circumstances not amounting to an intent to murder or maim."

After giving the statutory definitions of assault and assault and battery, the court proceeded to instruct the jury at unusual length. One of the instructions given was as follows :

" If the jury believe from the testimony in this case that the defendant is a person of robust health and strength, and that she committed an assault and battery upon the defendant, and that the defendant is either aged or decrepit, then you may find the defendant guilty of an aggravated assault or battery."

The information in the case at bar does not charge that an assault was committed by a person of robust health or strength upon one who is aged or decrepit. This portion of the charge of the court was not the law applicable to the case. The court erred in charging the jury on any circumstances of aggravation not contained in the information. In the case of *Kouns* v. *The State,* 3 Texas Ct. App. 13, this court says : " It will thus be seen that the court submitted to the jury two other grounds constituting an aggravated assault than the one presented by the indictment. He would have had as much right to have charged upon or submitted any other, or all the other, of the nine different grounds specified in the statute, as these two."

The judgment of the lower court is reversed and the cause dismissed.

*Reversed and dismissed.*