### JOHN WALKER *v.* THE STATE.

1. THEFT — OWNERSHIP. — Indictment for theft alleged the ownership of the stolen goods to be in S. & F., who, according to the evidence, were mercantile partners, who purchased the goods by order, and to whom they were consigned; but the freight-car was broken open and the goods stolen before delivery by the carrier to the consignees. *Held*, that the ownership was properly alleged, and the evidence sustained the allegation.

2. CONFESSIONS. — Verified and inculpatory disclosures voluntarily made by an uncautioned prisoner are evidence against him; but his other statements, though voluntary and parts of the same confession, are not.

3. SAME. — The fact that a prisoner had been threatened with personal violence does not disqualify his subsequent confession, voluntarily made, when he was entirely removed beyond and relieved from the influence of such threats.

APPEAL from the District Court of Houston. Tried below before the Hon. W. D. WOOD.

The indictment charged the appellant with the theft of a case of shoes and some other merchandise, the property of J. S. Shivers and W. J. Foster, from the possession of one Wright, who was holding the same for the said owners. Finding a verdict of guilty, the jury assessed the punishment at five years in the penitentiary.

· It appears that Shivers & Foster, a mercantile firm at the

town of Crockett, in Houston County, had ordered the mer-chandise from a house in Galveston, who forwarded it by railroad. Wright was the station-agent at Crockett, and had charge of the freight-cars at the station, from one of which the goods were stolen the same night they arrived. The appellant was pursued and overtaken about eleven miles from Crockett, and was carrying a sack full of shoes similar in kind and quality to those consigned to Shivers & Foster and stolen from the freight-car.

The confession of the appellant apprised the officer where the remainder of the stolen property was concealed, and it was found as described. Other details of the theft, how-ever, having no reference to the disclosures verified, were made in the confession and allowed to go to the jury.

*Miller & Wynne*, for the appellant.

*W. B. Dunham*, for the State.

CLARK, J. The evidence upon trial fully supported the allegation of ownership, and the fact relied upon by appellant, to wit, the payment by the railway company to the alleged owners of the value of three dozen pairs of shoes, demonstrates that the property could not have been in other parties, for in that event the damages must have been paid to such other parties; and the only recourse left to the alleged owners, if any special damage had accrued to them, would have been by action against the consignors. The title to the goods passed to the consignees, the alleged owners, by delivery to the carrier. *Jones* v. *Sims*, 6 Port. 138; *The People* v. *Haynes*, 14 Wend. 546; *Waldron* v. *Romaine*, 22 N. Y. 368.

The entire confession of the defendant, however, should not have gone to the jury. When a confession is made by a prisoner in custody, without his having been first cautioned that it may be used against him, and in connection with such

confession he states facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, his statement of the facts or circumstances which are found to be true is competent evidence, but not the entire confession. This is the settled construction of our statute regulating the admissibility of confessions. *Davis* v. *The State*, 8 Texas Ct. App. 510; *Strait* v. *The State*, 43 Texas, 486; *Selridge* v. *The State*, 30 Texas, 59; *Warren* v. *The State*, 29 Texas, 370.

The reason assigned by counsel for the exclusion of the confession does not appear tenable. It is true that at the time of appellant's arrest by the constable and his *posse*, some demonstrations were made by a portion of the latter indicating a purpose to offer violence to the prisoner, but assurances were at once given by the officer that no harm should be done him, and the confession appears to have been voluntarily made, after the constable and the prisoner had entirely separated from the others and were on their way to the county-town. To exclude the confession on the ground relied upon would involve the proposition that, when a party had once made a confession under fear, he could make no confession afterwards which would be competent evidence against him; which would be an extension of the rule beyond the support of any known authority. *The State* v. *Frazier*, 6 Baxt. 539. There was but one confession in the case, and that was volunteered by the prisoner some time after any hostile demonstration, and after he had been entirely removed from its influence.

For error in failing to restrict the evidence of the prisoner's confession to his statements which were found to be true, the judgment is reversed and the cause remanded.

*Reversed and remanded.*