## YATES V. STATE.

CRIMINAL EVIDENCE: *Confession of prisoner.*

The confession of a prisoner of the locality of stolen property, though induced by threats, is admissible when verified by finding the property where he locates it; and all he says in conveying the information which is directly connected with or explanatory of the discovery is also admissible, but his confession that he stole it is not admissible.

APPEAL from *Cleburne* Circuit Court.

Hon. F. T. VAUGHAN, Circuit Judge.

*G. W. Shinn* for Appellant.

1.    Admissions to be admissible in evidence must have been voluntarily made; if not, they are inadmissible. Such as are made under threats or fear, or by reason of promises made, are wholly inadmissible. *28 Ark., 121; 5 Cush., 605; 49 Ala., 9; 42 N. Y., 200; 97 Mass., 574; 46 Mo., 566.*

The burden of proving that the confessions were voluntarily made is upon the state. *22 Ark., 336.* The jury are bound to consider the confessions when once admitted. *28 Ark., 531.*

2. Outside the confessions there is no evidence sufficient to convict.

*Dan W. Jones*, Attorney General, for Appellee.

Appellant was indicted for the larceny of money. The money was shown to have some value for the appellant bought goods with it. *Houston v. State, 13 Ark., 66; Shepherd v. State, 44 Ib., 41.* The bill of exceptions fails to state anywhere that it contains all the evidence adduced at the trial. There is a statement that certain evidence was all that was introduced for the prosecution and this is all that is shown in this respect. This court will consider no questions of evidence. *Potter v. State, 42 Ark., 30.* But the evidence disclosed supports the verdict. There was an exception reserved to the admission of a confession. Taken with the instruction of the court on that point it was perfectly admissible and the appellant not excepting to any instruction of the court gave acquiescence to its admission with the instruction. The instruction was the law. *1 Greenl. Ev., sec. 231; 1 Bish. Crim. Pro., sec. 1242.*

The evidence being ample the verdict and judgment should stand.

COCKRILL, C. J. On the trial of the appellant for petit larceny a confession of his guilt was given in evidence against him. There was evidence tending to show that the confession was extorted from the accused through the influence of threats and upon compulsion. The court found as a fact that the confession was not made voluntarily, but ruled, against the apt objection of the appellant, that the evidence was nevertheless competent, cautioning the jury that the statements made by the accused were not to be considered by them in arriving at their verdict, unless they believed from other evidence that the statements

were true.   The appellant was convicted and urges the action of the court in this behalf as error.

The exception that exists to the general rule that confessions in cases of larceny made under threats are not evidence, is shown by the authorities to be this:   When statements are made by the accused that lead to the discovery of the stolen property, then the rule is that it is admissible to show that the property had been traced by means of information received from the accused; and all that was said by the accused in conveying the information, which is directly connected with or explanatory of the discovery, is also admissible.   The statement as to his knowledge where the stolen property was to be found being thus confirmed by the fact of finding, is proved to be true and not to be fabricated in consequence of the improper means employed to obtain the confession.   But the rule as to the direct confession of guilt remains intact, and the discovery of the property through information derived from the accused does not justify the introduction of the confession that it had been stolen by him.   That must be excluded notwithstanding the facts otherwise proven to be true, leaving the prisoner to reconcile, as best he can, his knowledge of these facts with his innocence of the crime.   *1 Greenl. Ev., sec. 231; Davis v. State, 8 Tex. App., 510; Strait v. State, 43 Tex., 486; White v. State, 3 Heisk, 338; State v. Garvey, 28 La. Ann., 925; Laws v. Com., 84 Penn., 200.*

In this case it was the confession that he had stolen the property that was objected to, and the evidence should have been excluded.

For this error the judgment must be reversed and the case remanded for a new trial.