The State of Texas v. F. H. Lutterloh.

An indictment, charging that the defendant did make "a violent and aggravated assault, with a pistol; and did then present the said pistol at said G. W. T.; and did then and there shoot at said G. W. T., with intent to kill ;" is a good indictment for an aggravated assault.

In an indictment for an assault, it is not necessary to state that it was unlawfully committed.    Any assault, committed on a freeman, is regarded as unlawful, until an excuse or justification be shown.

APPEAL from Coryell.    Tried below before A. J. Evans,

Esq., agreed upon by the parties, the presiding judge having been of counsel.

The defendant was indicted for an aggravated assault upon George W. Taylor. The body of the charge in the indictment, is set out in the opinion.

A motion to quash the indictment was sustained, and the case dismissed; to which ruling and judgment, the district attorney excepted, and prayed an appeal to this court.

*Attorney-General*, for appellant. The indictment is sufficient, as it contains venue, and all the material allegations, to constitute the offence. The word, "violent," in connection with aggravated assault, may be regarded as surplusage. That the indictment did not aver an ability to do an injury, was matter of defence. See Caldwell v. The State, 5 Tex. Rep. 18, where it was held, that if defendant was not within shooting distance, it was matter of defence.

*X. B. Saunders*, for appellee. The court did not err, in quashing the indictment, as there is no such offence known to our law, as a violent and aggravated assault. (See Assaults, Penal Code, §§ 475-9.)

An indictment must contain a definite description of the crime charged, and a statement of facts which constitute it, or judgment will be arrested. (Mart. & Yerg. 137.)

The indictment is bad, for that it does not charge any criminal intent. An assault and battery is defined to be, the use of any unlawful violence upon the person of another, with the intent to injure him; and an assault, is any attempt to commit a battery, coupled with the ability to do so, (Penal Code, § 475,) which means, among other things, that the person making the assault, must be within such distance of the person assailed, as to make it within his power to commit the battery, by the use of the means with which he attempts it. (Penal Code, § 482.)

An indictment, under a statute, must follow the words of

State v. Lutterloh.

the statute, and nothing is to be taken by intendment. (The State v. O'Bannon, 1 Bailey's Rep. 144; The State v. Brown, 4 Port. Ala. Rep. 410; The State v. Delue, 1 Chand. Wis. Rep. 166; Hamilton v. Commonwealth, 3 Penn. Rep. 146.)

This indictment does not charge the act to have been *unlawfully* done, or within *shooting* distance. (Penal Code, Art. 483, §§ 1, 2, 3, 4, 5, and 6.)

The offence should be stated, with such distinctness and precision, as to leave no room for doubt on the mind of either defendant or court. (The State v. Johnston, 11 Tex. Rep. 22.)

An indictment, upon a statute, must state all the facts and circumstances which constitute the statutory offence, so as to bring the party indicted, *precisely* within the provisions of the statute. (People v. Allen, 5 Denio's Rep. 76; Howel v. Commonwealth, 5 Gratt. Rep. 664.)

In an accusation, which sets forth a charge that is criminal only under certain circumstances, which are defined by law, the omission to set forth or aver the existence of such circumstances, is fatal to the indictment. (Commonwealth v. Clark, 2 Ashm. Rep. 105.)

The venue must be specially laid, which is not done in this case, except by a mere marginal reference. (Kennedy v. Commonwealth, 3 Bibb's Rep. 499.)

ROBERTS, J.—The exceptions taken to the indictment, are, that it is vague and uncertain, and that the facts stated therein do not constitute an offence. The body of the charge is as follows: "In and upon one George W. Taylor, in the peace of "God, and said State of Texas, then and there being, did make a "violent and aggravated assault, with a pistol; and did then "present the said pistol, at said George W. Taylor; and did "then and there shoot at said George W. Taylor, with intent to "kill; contrary to the form of the statute," &c. This indictment laid the charge at a time antecedent to the adoption of the Penal Code, though it was found and presented afterwards. The prosecution, in the mode of procedure, should conform to

the rules prescribed in the Code, being the law in force at the time, during which it was instituted and carried on. Our laws, previous to the adoption of the Code, recognized the grades of common, and of aggravated assault, but never before attempted to draw, so precisely, the distinction between them. The latter always included the former. (Cotton v. The State, 4 Tex. Rep. 264; Gardenheir v. The State, 6 Id. 348.) In the case of Norton v. The State, 14 Tex. Rep. 394, it is said, "wherever there are such aggravations attending the commis- "sion of the offence, as the use of bludgeons, missiles, or instru- "ments or weapons of any kind, capable of inflicting injury "beyond what may ordinarily be inflicted by a blow with the fist, "and used in such manner as to be likely to inflict injury, and "especially when so used as to cause a wounding, the offence "must be deemed to be of an aggravated nature, within the "meaning of the statute."

In the indictment now under consideration, the assault is sufficiently well stated, and must amount, at least, to a common assault, rejecting, as surplusage, the allegations in relation to its being "violent and aggravated," and being made with a "pistol." These words could not vitiate the indictment, as a charge of a common assault. It is not necessary, however, to take this view of it, to sustain the indictment; for it is obvious, that something more was intended, by using them in connection with the assault charged. Under the description of what may constitute an aggravated assault, as above quoted from the case of Norton v. The State, these words were used to indicate the facts of aggravation, necessary to describe that offence. Their object is to show, that the assault was not common, but violent and aggravated, by the use of a pistol; and that such deadly weapon was used, in a manner likely to inflict serious injury, by shooting at said Taylor, with intent to kill him. This surely fills the full measure of an aggravated assault, as con- templated by the statute. Indeed, it states more than is neces- sary to constitute such offence. What is stated about the pistol, is intended as descriptive of the facts of aggravation

merely, to raise the grade of the assault charged, from common to aggravated.

It is not necessary to state that the assault was unlawfully committed. The transaction imports illegality, on its face; and if there were circumstances that made it lawful, the burden rests on the defendant to show them. It is not necessary for the State to prove, as a distinct fact, that the assault was unlawful. All assaults committed on freemen are regarded as unlawful, until they who commit them establish an excuse or justification. It is therefore not necessary to allege that it was unlawfully done. (2 Arch. Crim. Pl. 282; Code of Crim. Proced. (Texas) Art. 396.)

On both these grounds, we think the court erred in sustaining *the exceptions to the indictment. Judgment reversed and* cause remanded.

Reversed and remanded.