## THE STATE v. S. J. HUNTER.

INDICTMENT—AGGRAVATED ASSAULT.—A charge in an indictment that an assault was committed "in a court of justice," describing the court, is a sufficient allegation of an aggravated assault.

APPEAL from Hopkins. Tried below before the Hon. W. H. Andrews.

*A. J. Peeler, Assistant Attorney General,* for the State.

*King & Payne,* for appellee.

ROBERTS, CHIEF JUSTICE.—The indictment was set aside upon exceptions taken to it by the defendant below.

It alleges that the defendant " did in a court of justice, viz, in the court-house of Hopkins county, and State of Texas, at Sulphur Springs, the District Court of said county of Hopkins being then and there in session, unlawfully

make an aggravated assault upon one J. W. Strowd, with intent to injure him."

It is good for a simple assault, because it is unnecessary to state the instrument or means used in committing it. (2 Bishop, C. P., sec. 56; State *v.* Croft, 15 Tex., 576, and numerous cases since following that.) It is good also for an aggravated assault, because it alleges the assault to have been committed "in a court of justice," describing the court, when and where held, which is exactly in accordance with the code, which makes an assault aggravated "when committed in a court of justice." (Paschal's Dig., art. 2150.) The court erred in setting the indictment aside. Judgment reversed and cause remanded.

REVERSED AND REMANDED.