### T. W. HUNT *v.* THE STATE.

1. AGGRAVATED ASSAULT — INDICTMENT. — It is not necessary, in charging an aggravated assault committed with a deadly weapon, to allege that it was done under circumstances not amounting to an intent to murder or maim.

2. SAME. — If an assault be made with a deadly weapon, it is *ipso facto* an aggravated assault, because of the weapon used.

3. SAME — "DEADLY WEAPON." — That the weapon used is in fact a " deadly weapon" is a matter of proof, and depends in some cases upon the mode and manner of its use.

4. SAME — PLEADING. — If the use of a deadly weapon constitutes the aggravation relied upon, it is sufficient to allege such use.

APPEAL from the County Court of Bosque.    Tried below before the Hon. J. K. HELTON, County Judge.

The opinion discloses the case.

*Fowler & Hewlett*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J.    The conviction in this case was for an aggravated assault, and appellant's punishment was assessed at a. fine of $100.

An aggravated assault is certainly charged by the information, not only in the use of the specific words "aggravated assault," but also by charging that it was committed "with certain rocks and a stick, the same being deadly weapons."

It is not necessary, in charging an aggravated assault committed with "a deadly weapon," to allege also that it was done "under circumstances not amounting to an intent to murder or maim."    Pasc. Dig., art. 2150 ; *The State* v. *Lutterloh*, 22 Texas, 210.    See, directly upon this point, *The State* v. *Franklin*, 35 Texas, 497.

If an assault be made with a "deadly weapon," it is *ipso facto* an aggravated assault, because of the weapon used. *Pinson* v. *The State*, 23 Texas, 582.    As to whether or not the weapon is, in fact, a deadly weapon, is matter of proof, and depends, in some cases, upon the mode and manner of its use.    *Shadle* v. *The State*, 34 Texas, 572 ; *Chambers* v. *The State*, 42 Texas, 254 ; *Skidmore* v. *The State*, 43 Texas,. 93 ; *Kouns* v. *The State*, 3 Texas Ct. App. 13.    But, whilst this is true as to the proof, it is not necessary that the information or indictment should allege more than the circumstance which constitutes the aggravation, to wit, the use of a "deadly weapon," when that circumstance is relied upon.    *Williamson* v. *The State*, 5 Texas Ct. App. 485 ;. *Mooring* v. *The State*, 42 Texas, 85.

There is no statement of facts, bill of exceptions, or charge of the court contained in the record. The information being sufficient, the judgment is affirmed.

*Affirmed.*