## [No. 1899.]

### JOE MILSTEAD v. THE STATE.

1. INDICTMENT — INTENT.— It is not essential that an indictment for assault should allege an intent to injure or unlawful violence, especially when the transaction as set out imports illegality.

2. SAME — AGGRAVATED ASSAULT.— An assault which is committed in a court of justice is expressly declared, by subdivision 2 of article 496 of the Penal Code, to be an aggravated assault. See the opinion for an indictment *held* sufficient to charge such an aggravated assault.

3. SAME — PRACTICE — CHARGE OF THE COURT.— It is a rule well settled under the practice of this State, that, upon a charge of aggravated assault, an ac-

cused may be convicted and punished for a simple assault. The rule which confines the State, in its effort to establish aggravated assault, to evidence in support of the aggravation alleged in the indictment will not preclude a conviction for simple assault. The aggravation alleged in this case was that the assault was made upon a justice of the peace, his court being then and there in session. The proof showed that an assault was committed upon the justice, but not in his court. *Held*, that the conviction was authorized by the indictment. See the opinion for a charge of the court upon the question *held* correct.

APPEAL from the District Court of Shelby. Tried below before the Hon. J. G. Hazlewood.

The conviction was for a simple assault, and was had upon an indictment which charged an aggravated assault, the aggravation alleged being that the assault was committed in a court of justice then in session. A fine of $10 was the punishment imposed.

The opinion sufficiently states the purport of the evidence.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. As charged in the indictment, the offense is, "that Joe Milstead, on the 10th day of December, A. D. 1883, in the county of Shelby and State of Texas, did then and there assault, strike, beat and bruise T. A. Paxton, in a court of justice then and there being in session, and the said T. A. Paxton being then and there an officer, to wit, a justice of the peace; against the peace and dignity of the State."

A motion to quash was made upon the ground that the indictment does not charge a criminal intent by the defendant to injure the party charged to have been assaulted, and is, therefore, wholly insufficient in law. This motion was properly overruled by the court. An "intent to injure" or "unlawful violence" need not be alleged; especially when the transaction as set out imports illegality. (*State* v. *Lutterloh*, 22 Texas, 210; *Evans* v. *The State*, 25 Texas Supp., 303; *State* v. *Allen*, 30 Texas, 59; *State* v. *Hays*, 41 Texas, 526; *State* v. *Hartman*, 41 Texas, 562; *Roberson* v. *The State*, 15 Texas Ct. App., 317.)

The indictment was also good for an aggravated assault, because it alleges the assault was "committed in a court of justice," which is made expressly by statute one of the circumstances which will aggravate the character of an assault. (Penal Code, art. 496, subd. 2; Willson's Forms, 347, p. 157; *State* v. *Hunter*, 44 Texas, 94.)

Appellant on the trial was found guilty of a simple assault, and his punishment was assessed at a fine of $10. He claims that this judgment is erroneous because not warranted by the allegations in the indictment; because there is a fatal variance between the allegations and the proofs which the court allowed over the objections of defendant, and because the court erred in its charge to the jury in that the charge authorized a finding of guilty upon a state of facts not warranted by the charge preferred against him. In a word, appellant contended in the lower court that, inasmuch as the State charged him with an assault committed upon a justice of the peace and in a court of justice then and there in session, she could not claim and was not entitled to a judgment, no matter how badly he beat wounded and bruised said justice, provided he did not so beat and assault him whilst he was actually engaged officially, discharging his duties and presiding over his court in session. It is not to be understood that appellant takes the broad ground that it is no offense at all to assault and beat a justice of the peace. Such is not the position assumed, as we understand it. But he insists that when the State charges him with wounding and bruising her justice of the peace whilst he is holding a court for her and in the sacred precincts of such court, then she must prove the fact as charged or she fails *in toto* to make out the case; that the case as actually and specifically laid must be established, and none other. The doctrine invoked in principle is "*aut Cæsar aut nullus.*"

That we may properly understand and meet this position, a brief *resumé* of the facts of the case becomes necessary. Paxton, the assaulted party, was the legally elected and qualified justice of the peace in and for precinct No. 7 of Shelby county. His regular place for holding his terms of court was in and about Sapp's store, which, we presume, was a most convenient as well as suitable place for his business. For the store-house was a building about fifty-eight feet long, with a gallery in front, and was divided into two compartments or rooms, the front one of which was some thirty feet long and occupied as a dry goods store, and the rear or back room was about eighteen feet long, and was run as a drinking saloon or grocery. During the Christmas holidays of 1883, to wit, on the 28th day of December, a regular term of said justice's court was being held by Paxton, out in the open air and "about eight or ten yards directly in the rear of the northwest corner of the store building." This improvised open air sanctuary of justice consisted of a dry goods box, upon which the books and papers of the court were conveniently placed during its sessions.

On the occasion in question the court, after having adjourned for dinner, reconvened and proceeded to call the only remaining case not disposed of upon the docket. A jury was needed to try the case, having perhaps been demanded by the parties, and it became necessary to take a recess and suspend business until the bailiff could go out into the country and summons said jury. During this recess the justice, Paxton, who had left the place where his box, books, papers and the other paraphernalia of justice were, and was standing at the back end of the store, near the back door leading directly into the drinking saloon, and some young men were teasing Milstead, the appellant, when the justice chimed in and said to defendant: "Don't you want to win another pig?" So far as we are apprised by the record the question appears to have been simply an act of facetiousness on the part of the learned justice. In itself it certainly does not seem to be offensive in terms. There must, however, have been some occult significance in these words; for defendant immediately became greatly enraged, cursed and abused Paxton, calling him all kind of ugly names. Paxton attempted to pacify him, but he would not be pacified. Seeing which, Paxton left him, went entirely through the store some eighty or ninety feet from where the court was held, with the entire building, store-house, saloon and front gallery all intervening between him and the *locus* of his court. He had arrived in front of the building, was standing upon the ground, and leaning against one of the gallery posts, when Milstead, the defendant, emerged from the store-room and, approaching, seized Paxton violently by the collar and made demonstrations as though he would strike him, but, fortunately, was prevented by his, the defendant's, own father, who luckily happened to be present. No other direct act of personal violence was offered the justice by defendant, save that as above stated, though he cursed him both vociferously and outrageously.

Thus it will be seen that the assault made by defendant upon said justice was not, as charged and alleged in the indictment, made "in a court of justice then and there being in session."

Appellant having ineffectually objected to the evidence, when introduced, of an assault other than such as was alleged, formulated a special instruction upon the point, in these words, viz.: "The defendant asks the court to charge the jury that before they can convict the defendant they must be satisfied beyond a reasonable doubt that the assault, if any, was committed on T. A. Paxton in a court of justice as charged in the bill of indictment." This the court refused to give, but, on the contrary, in the charge given used the following language, viz.: "If you believe from the evidence

that the defendant did commit an assault on the said Paxton, yet, if said Paxton was not in the discharge of his official duties at the time, then you will not find him guilty of an aggravated assault; and in this connection you are charged that if you believe that said Paxton had left the place of holding his court, and gone such distance away as to manifest the fact that he was not discharging his official duties, you should find defendant not guilty of an aggravated assault. You will then look to the evidence and ascertain whether or not the defendant is guilty of a simple assault, in case you find him not guilty of an aggravated assault." In other portions of the charge a simple assault was properly defined and its punishment declared.

The rule is well settled that upon a charge of aggravated assault the accused may be found guilty and punished for a simple assault. That appellant, under the facts stated, was guilty of a simple assault cannot be questioned; that he is not guilty of an aggravated assault,— the assault not having been committed in a court of justice,— we think equally clear. Because it was not committed whilst the court was in actual session does not, we think, under the allegations, preclude the State from proving that an assault was in fact committed by the accused at the time and place and upon the party as alleged. The failure to show that it was committed in a court of justice could only affect the grade and not the fact of the crime.

"Any unlawful violence upon the person of another, with intent to injure him, *whatever be the means or the degree* of violence used, is an assault and battery." The crime denounced is "an assault and battery." (Penal Code, art. 484.) An assault and battery becomes aggravated when committed under the circumstances enumerated in the Code, one of which is "when committed in a court of justice." (Penal Code, art. 496, subdivis. 2.) The rule is that when any one of the circumstances mentioned in the Code is charged in order to make the offense an aggravated assault, no one or other of the circumstances enumerated but not charged can be established to prove the one alleged. But, under a charge of most of the aggravating circumstances named, a party may be found guilty of a simple assault and battery,— that being the real offense,— which is aggravated alone by the manner of its commission.

We have found no error in the proceedings had on the trial in the court below, and the judgment of conviction, being sustained both by the law and the evidence, is affirmed.

*Affirmed.*

[Opinion delivered December 2, 1885.]